Steven John Moser (SM1133)
Steven J. Moser, P.C.
3 School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150 • F (516) 882-5420
smoser@moseremploymentlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDGAR GUEVARA and LORENA M. GUEVARA, individually and on behalf of all others situated,<br><br>                                                Plaintiffs,<br><br>            -against-<br><br>SIROB IMPORTS, INC., NICK BOBORIS, and PETER BOBORIS,<br><br>                                                Defendants. | Case No.: 15-cv-2895<br><br>**CLASS ACTION AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Edgar Guevara and Lorena M. Guevara on behalf of themselves and all others similarly situated, by their attorney, Steven J. Moser P.C., hereby file this complaint against Defendants Sirob Imports, Inc. ("Sirob Imports"), Nick Boboris, and Peter Boboris (collectively referred to herein as "Sirob") and allege as follows:

### INTRODUCTION

1. This action is brought individually and as an FLSA collective to remedy overtime violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended.

2. This action is also brought individually and as a class action under Rule 23 to remedy various violations of the New York Labor Law ("NYLL"), including unpaid overtime, unpaid straight time, wage notice violations, and spread of hours pay.

### JURISDICTION AND VENUE

1

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 261(a)(2), and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the Eastern District.

## PARTIES

### *Plaintiffs*

5. Plaintiff Edgar Guevara is a natural person who resides in Nassau County, New York.

6. Plaintiff Lorena M. Guevara is a natural person who resides in Nassau County, New York.

### *Defendants*

### *Sirob Imports, Inc.*

7. Defendant Sirob Imports, Inc. is a domestic business corporation, incorporated under the laws of the State of New York.

8. Defendant Sirob Imports, Inc. has a principle place of business at 21 Gear Avenue in Lindenhurst, NY.

9. Sirob Imports, Inc. is an importer, distributor, and manufacturer of food products.

10. Since January 1, 2009, Sirob Imports, Inc. has been an entity engaged in commerce as defined by the FLSA. 29 U.S.C. §§ 201 *et seq*.

11. For each calendar year since January 1, 2009, Sirob Imports, Inc. has had an annual dollar volume of sales or business done of $500,000 or more.

*Nick Boboris*

12. Defendant Nick Boboris is a natural person who resides in Suffolk County.

13. Upon information and belief, Defendant Nick Boboris is a shareholder of Sirob Imports, Inc.

14. Upon information and belief, Defendant Nick Boboris is the Chief Executive Officer of Sirob Imports, Inc..

15. Upon information and belief, Defendant Nick Boboris had the power to hire and fire the Plaintiffs, supervised and controlled the work schedules and conditions of employment, determined the rate and method of pay, and maintained records of employment.

16. Upon information and belief, Defendant Nick Boboris exercised sufficient operational control over Sirob Imports, Inc. to be deemed Plaintiffs' employer.

*Peter Boboris*

17. Defendant Peter Boboris is a natural person who resides in Suffolk County.

18. Upon information and belief, Defendant Peter Boboris is a shareholder of Sirob Imports, Inc.

19. Upon information and belief, Defendant Peter Boboris is an officer of Sirob Imports, Inc.

20. Upon information and belief, Defendant Peter Boboris had the power to hire and fire the Plaintiffs, supervised and controlled the work schedules and conditions of employment, determined the rate and method of pay, and maintained records of employment.

21. Upon information and believe, Defendant Peter Boboris exercised sufficient operational control over Sirob Imports, Inc. to be deemed Plaintiffs' employer.

**COLLECTIVE ACTION ALLEGATIONS**

22. The claims in this complaint arising out of the FLSA are brought by the Plaintiffs on behalf of themselves and similarly situated persons who were current and former non-exempt employees of Sirob, who have been employed any time during the three year prior to the filing of this complaint and who elect to opt-in to this action (the "FLSA Collective").

23. Upon information and belief, the FLSA collective consists of over 250 similarly situated current and former employees of Sirob who have been victims of Defendants' common policy and practice that have violated their rights under the FLSA by, *inter alia*, willfully denying their full overtime wages.

24. As part of its regular business practice, the Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA.

25. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b)

## CLASS ACTION ALLEGATIONS

26. The Plaintiffs bring the Second, Third, Fourth and Fifth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure.

*The New York Class*

27. The Plaintiffs bring the second cause of action on behalf of themselves and a class of persons consisting of all non-exempt factory and warehouse workers employed by Sirob in the State of New York for the six year period prior to the filing of this complaint and up to the date of final judgment in this matter (the "New York Class").

*The Spread of Hours Subclass*

28. The Plaintiffs bring the second cause of action on behalf of themselves and a subclass of persons consisting of all members of the New York Class who earned the minimum wage and worked a spread of hours in excess of 10 (the "Spread of Hours Subclass").

*The Wage Notice Subclass*

29. The Plaintiffs bring the third cause of action on behalf of themselves and a subclass of persons consisting of all members of the New York Class who did not receive a wage notice pursuant to Section 195 of the New York Labor Law (the "Wage Notice Class").

***Class-Wide Allegations***

30. Excluded from the New York Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

31. The members of the New York Class and subclasses are so numerous that joinder of all members is impracticable.

32. Upon information and belief, the size of the New York Class is at least 250 individuals. Upon information and belief, the size of the Spread of Hours Subclass is at least 100 individuals. Upon information and belief, the size of the Wage Notice Subclass is at least 250 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

33. Common questions of law and fact exist as to the classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    (a) whether Defendants violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor regulations;

    (b) whether Defendants failed to pay overtime pay as required;

    (c) whether Defendants failed to pay straight wages as required;

    (d) whether Defendants failed to pay the spread-of-hours premium as required; and

    (e) whether Defendants failed to provide wage notices as required by NYLL § 195.

34. The nature and extent of class-wide injury and the measure of damages for those injuries.

35. The claims of the Plaintiffs are typical of the class-wide claims. The Plaintiffs and all of the class members work, or have worked, for Defendants as factory and warehouse workers in the State of New York. The Plaintiffs and the class members enjoy the same statutory rights under the NYLL, to be paid overtime premiums, to be paid spread of hours pay, and to be provided with wage notices. The Plaintiffs and the class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. The Plaintiffs and the class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

36. The Plaintiffs will fairly and adequately represent and protect the interests of the members of the class and subclasses. The Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately. The Plaintiffs recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests. The Plaintiffs understand

that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the class. The Plaintiffs recognize that any resolution of a class action must be in the best interest of the class. The Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial. The Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiffs and the class members.

37. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

38. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

39. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) in that the Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

40. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1)(B) in that prosecuting separate actions by individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

## FACTUAL ALLEGATIONS

### *Defendants' Policies*

41. The Plaintiffs and the New York Class were scheduled for a 15 minute break in the morning.

42. The Defendants had a policy of not compensating the Plaintiffs and the New York Class for this 15 minute break.

43. The Plaintiffs and the New York Class performed pre-shift work. For instance,

   (a) All warehouse workers completed a mandatory pre-shift routine in which they disinfected themselves and put on company-provided attire such as a hairnet, gloves, and coat;

   (b) Workers were also mandated to have their work tables set up by 7AM. This required the workers to engage in work prior to 7AM.

44. The Defendants had a policy of not compensating the Plaintiffs and the New York Class for pre-shift work.

45. The Plaintiffs and the New York Class often worked after 5:30 PM.

46. The Defendants had a policy with regard to the Plaintiffs and all members of the New York Class of rounding down the hours paid at the end of the shift to the nearest ½ hour worked. Thus, if an employee worked until 6:00 PM, the employee would be paid. However, if

8

the employee worked until 6:20 PM, the employee's hours would be rounded down to the nearest ½ hour (6:00 PM).

47. Through these policies, the Defendants failed to pay the Plaintiffs and the New York Class for all compensable working hours.

48. In most instances, the failure to compensate for all working hours resulted in the failure to pay overtime.   In limited circumstances, the failure to compensate for all working hours resulted in the failure to pay straight wages.

49. The Plaintiffs and members of the Spread of Hours Subclass earned the minimum wage while under the employ of the Defendants.

50. When Plaintiff and the Spread of Hours Subclass worked a spread of hours in excess of 10, the Defendants did not pay them the spread of hours premium.

51. The Plaintiffs and members of the Wage Notice Class have been employed at times since the passage of the Wage Theft Prevention Act.

52. The Plaintiffs and members of the Wage Notice Class have not received a copy of a wage notice that complies with NYLL § 195.

### *Edgar Guevara*

53. Mr. Guevara was employed by Sirob Imports from approximately October 5, 2012 until July 25, 2014.

54. Mr. Guevara worked in the warehouse, where his duties ranged from loading and unloading trucks to packaging food products.

55. Mr. Guevara's work schedule was from 7AM to 5:30 PM, with an unpaid morning break from 8:30 AM to 8:45 AM and a lunch break from 1PM until 1:45 PM.

56. Mr. Guevara was responsible for transporting barrels of food products from outside the warehouse onto the factory floor to be packaged.  Because work on the factory floor started promptly at 7AM, Mr. Guevara had to start moving the barrels onto the factory floor prior to his paid starting time.  On average, Mr. Guevara was not paid for 15-12 minutes of "pre-shift" work per day.

57. Once on the factory floor, Mr. Guevara was also responsible for packaging food products.

58. Often, Mr. Guevara worked past 5:30 pm.

59. Mr. Guevara was subject to the Defendants' uniform policy of rounding down the end-of-day pay to the nearest ½ hour worked.

60. For the week of October 5, 2012 and each subsequent week, Mr. Guevara was not compensated for at least four hours and thirty-five minutes of work (pre and post-shift work, and morning break).

61. From October to 5, 2012 to September 19, 2013, Mr. Guevara received an hourly rate of $7.25.  On or about September 20, 2013, Mr. Guevara received a pay increase to $8.00 per hour.  On or about February 21, 2014, Mr. Guevara received a pay increase to $8.80 per hour.

62. Mr. Guevara never received a wage notice at the time of hiring or at any other time subsequent to a change in pay.

63. On July 25, 2014, Mr. Guevara was terminated.

### *Lorena M. Guevara*

64. Ms. Guevara was employed by Sirob Imports from September 2, 2011 until September 4, 2014.

65. Ms. Guevara worked as a food packager, packing vegetables into bottles and bags.

66. Ms. Guevara's work schedule was from 7AM to 5:30 PM, with an unpaid morning break from 8:30 AM to 8:45 AM and a lunch break from 1PM until 1:45 PM.

67. Ms. Guevara commuted to work via a carpool of at least 16 other workers in the same vehicle. As routine, the workers arrived anytime from 6:30 to 6:40AM every day.

68. Immediately after arrival each morning, Ms. Guevara and her co-workers clocked into work and then engaged in the mandatory disinfection and robing process in order to be ready to work on the factory floor at 7AM.

69. Ms. Guevara was never paid for this pre-shift work.

70. At the end of the day, Ms. Guevara would often work past 5:30 PM.

71. Ms. Guevara was never paid for this post-shift work.

72. Ms. Guevara was only compensated for her shift hours - 7AM to 5:30PM.

73. Throughout the month of November 2013, Ms. Guevara regularly worked an extra 15 minutes past her scheduled shift, but was not compensated for this post-shift work pursuant to Sirob's rounding policy.

74. For the week of September 2, 2012 and each subsequent week, Ms. Guevara was not compensated for at least two hours and 30 minutes of work (pre and post-shift work, and morning break).

75. In or about September 2, 2011, Ms. Guevara was paid $7.30 per hour. In or about January 2014, Ms. Guevara received a pay increase to $8.00 per hour.

76. Ms. Guevara never received a copy of a wage notice at the time of hiring or at any other time subsequent to a change in pay.

11

77. On September 4, 2014, Ms. Guevara was terminated.

## THE LAW

### *Rounding*

78. When employing "rounding" practices in the timekeeping system where starting and stopping times are rounded to the nearest pre-determined interval, "[p]resumably, this arrangement averages out so that the employees are fully compensated for all the time they actually work. For enforcement purposes this practice of computing working time will be accepted, provided that it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 CFR 785.48.

### *Pre and Post-Shift Work*

79. Activities performed prior to the scheduled start time and/or after the scheduled quitting time, are compensable where they involve "exertion of a physical nature, controlled or required by the employer and pursued necessarily and primarily for the employer's benefit. They are performed solely on the employer's premises and are a necessary prerequisite to productive work." *Anderson v. Mt. Clemens Pottery Co.*, 328 US 680, 693 (1946).

### *Compensability of Rest Periods*

80. "Rest periods of short duration, running from 5 minutes to about 20 minutes . . . are customarily paid for as working time. They must be counted as hours worked." *Solis v. Cindy's Total Care, Inc.*, 2012 U.S. Dist. LEXIS 1808, 30, 2012 WL 28141 (S.D.N.Y. Jan. 5, 2012)( citing 29 C.F.R. § 785.18)

### *Overtime*

81. Overtime is calculated at a rate of one and one-half times an employee's regular hourly pay for work performed in excess of forty hours per week. 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 146-1.4.

### *Straight Wages*

82. "In contrast to the FLSA, the NYLL fully compensates a plaintiff for all unpaid straight-time wages." *Shim v. Millennium Group,* 2009 U.S. Dist. LEXIS 124107, 4 (E.D.N.Y. Oct. 2, 2009)(citing NYLL § 191); See also *Kalloo v. Unlimited Mech. Co. of NY*, 977 F. Supp. 2d 187, 203 (E.D.N.Y. 2013)(awarding straight wages for unpaid travel time).

### *Wage Notices*

83. An employer must provide an employee at the time of hiring with a notice listing, inter alia, the rate of pay, the regular day on which pay is dispersed, the name of the employer and its contact information. NYLL § 195.

### *Damages*

84. Any employer who fails to provide adequate compensation shall be liable to the employee for the unpaid wages, liquidated damages, reasonable attorney's fees, and costs. 29 U.S.C. § 216(b); NYLL § 198(1-a).

85. NYLL § 198(1-a) also provides that an employee has the right to recover prejudgment interest. NYLL § 198(1-a). *See Kalloo v. Unlimited Mech. Co. of NY*, 977 F. Supp. 2d 187, 206 (E.D.N.Y. 2013).

### FIRST COUNT

### *Collective Action*

*Overtime Wages under the Fair Labor Standards Act*

*29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 207 & 216)*

86. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

87. Defendant Sirob Imports is an enterprise engaged in commerce under 29 U.S.C. § 203.

88. Defendants are each an employer within the meaning of 29 U.S.C. § 203.

89. Plaintiffs are employees within the meaning of 29 U.S.C. § 203.

90. Defendants were required to pay Plaintiffs and the New York Class one and one-half times the minimum wage for all hours worked in excess of forty (40) hours in a workweek.

91. Defendants failed to pay Plaintiffs and the New York Class the overtime wages to which they were entitled.

92. Defendants either knew or acted with reckless disregard as to whether their conduct violated the FLSA.  *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 100 L. Ed. 2d 115, 108 S. Ct. 1677 (1988).   Therefore, a three year statute of limitations applies.  29 U.S.C. § 255.

93. Plaintiffs and the New York Class are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs.

## SECOND COUNT

*On Behalf of Named Plaintiffs and New York Class*

*Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq.*

*(NYLL § 663 and N.Y. Compilation of Codes, Rules, and Regulations § 142-2.2)*

94. The Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

95.     Plaintiffs and the New York Class are employees within the meaning of New York Labor Law § 2.

96.     Defendants are each an employer and employed the Plaintiffs and the New York Class within the meaning of New York Labor Law § 2.

97.     Defendants are required to pay Plaintiffs and the New York Class at a rate of one and one half the minimum wage for all hours in excess of forty (40) hours in a workweek.

98.     Defendants failed to compensate the Plaintiffs and the New York Class the overtime wages to which they were entitled.

99.     Plaintiffs and the New York Class are entitled to recover unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## THIRD COUNT

*On Behalf of Named Plaintiff and New York Class*

*Straight Wages Under NYLL § 191*

100.    The Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

101.    Defendants are required to pay Plaintiffs and the New York Class at their regular rates for all hours worked up to forty (40) hours in a workweek.

102.    Defendants willfully deprived the Plaintiffs and the New York Class of the straight wages to which they were entitled.

103.    Plaintiffs and the New York Class are entitled to recover unpaid straight wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## FOURTH COUNT

*On Behalf of Named Plaintiffs and Spread of Hours Class*

*Spread of Hours Pay Pursuant to 12 NYCRR §§142-2.4 and 142-2.18.*

104.  Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

105.  Defendants have willfully failed to pay Plaintiffs and the members of the Spread of Hours Class additional compensation of one hour's pay at the minimum hourly wage rate for each day during which the spread of hours exceeded 10.

106.  By Defendants' failure to pay Plaintiff and the members of the Spread of Hours Class spread of hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor regulations specifically 12 NYCRR §§142-2.4 and 142-2.18.

107.  Due to Defendants' violations of the NYLL, Plaintiff and the members of the Spread of Hours Class are entitled to recover from Defendants their unpaid spread of hours pay, liquidated damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and pre-judgment interest.

### FIFTH COUNT

*On Behalf of Named Plaintiffs and Wage Notice Class*

*Wage Notice Violations under NYLL § 195 and 198*

108.  Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

109.  NYLL § 195(1)(a) requires an employer furnish to each employee a notice at the time of hiring that contains *inter alia*, the rate of pay, the regular day on which pay is dispersed, the name of the employer and its contact information, and any allowances taken.

110. Defendants failed to provide a copy of the wage notice to the Named Plaintiffs and the Wage Notice Class as required by NYLL § 195(1)(a).

111. Plaintiffs and the Wage Notice Class are entitled to recover liquidated damages, together with costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Unpaid overtime pay under the FLSA and NYLL;

B. Liquidated damages in an amount equal to unpaid overtime pay under the FLSA;

C. Liquidated damages in an amount equal to unpaid overtime wages under the NYLL:

D. Unpaid straight pay and an amount equal to unpaid straight pay as liquidated damages under the NYLL;

E. Unpaid spread of hours pay, and an amount equal to unpaid spread of hours pay as liquidated damages under the NYLL:

F. For wage notice violations preceding February 27, 2015, civil damages in the amount of $50 per week up to a total of $2,500 per employee;

G. For wage notice violations on and after February 27, 2015, civil damages in the amount of $50 per work day, up to a total of $5,000 per employee;

H. An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

I. Reasonable attorney's fees and costs of the action;

J. Prejudgment interest; and

K. Such other relief as this Court shall deem just and proper.

JURY DEMAND

Plaintiffs hereby request a trial by jury.

Dated: Glen Cove, New York
May 19, 2015

                                          Respectfully submitted,
                                          STEVEN J. MOSER P.C.

                                          By: Steven John Moser
                                          3 School Street, Suite 207 B
                                          Glen Cove, New York 11542
                                          (516) 671-1150
                                          F (516) 882-5420
                                          smoser@moseremploymentlaw.com
                                          *Attorney for Plaintiffs*