UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
EDGAR GUEVARA and LORENA M. GUEVARA,
individually and on behalf of all others similarly situated,

                                             Plaintiffs,

Case No. 15-CV-02895 (GRB)

          - against -

SIROB IMPORTS, INC., NICK BOBORIS and PETER
BOBORIS,

                                             Defendants.
-------------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING PLAITIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT**

      The above-entitled matter came before the Court on the Plaintiff's Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, and Approval of the Proposed Notice of Settlement and Class Action Settlement Procedure ("Motion for Preliminary Approval").

**1.    PRELIMINARY APPROVAL OF SETTLEMENT**

    1.1.    Based upon the Court's review of the Memorandum of Law In Support of Plaintiffs' Motion for Preliminary Approval and the Declaration of Steven J. Moser ("Moser Decl.") and the exhibits attached thereto, the Court grants preliminary approval of the settlement memorialized in the Class and Collective Action Settlement Agreement ("Settlement Agreement"), attached to the Moser Decl. as Exhibit 2.

    1.2.    The Court concludes that the settlement is within the range of possible settlement

approval, such that notice to the Class is appropriate. The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

**2. CONDITIONAL CERTIFICATION OF THE PROPOSED RULE 23 SETTLEMENT CLASS**

2.1. The Court finds that all of the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure are satisfied for settlement purposes.

2.2. The Court provisionally certifies the following class under Fed. R. Civ. P. 23(e), for settlement purposes only ("Settlement Class"):

> All nonexempt and/or hourly employees, other than managers, corporate officers, and directors who performed work for Sirob Imports, Inc. at any time during the period from May 19, 2009 until October 19, 2019.

**3. CLASS NOTICE**

3.1. The Court approves the proposed notice of proposed settlement and fairness hearing to the class (Notice"), attached as Exhibits 3 & 4 to the Moser Decl., and directs its distribution to the class.

3.2. The content of the Notice fully complies with due process and Fed. R. Civ. P. 23.

3.3. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> The best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members pursuant to Rule 23(c)(30.

Fed. R. Civ. P. 23(c)(2)(B).

    3.4. The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement.

    3.5. The Notice describes the terms of the settlement, informs the class about the allocation of attorneys' fees and costs, and provides specific information regarding the date, time and place of the final approval hearing.

**4. SETTLEMENT PROCEDURES**

    4.1. The Court hereby adopts the following pre-hearing settlement procedure:

        4.1.1. Within 10 days after preliminary approval, Defendants shall provide Class Counsel and the Settlement Claims Administrator with an Excel spreadsheet containing the names, addresses, social security numbers, dates of employment, and number of weeks worked between May 19, 2015 and October 19, 2019 of the Named Plaintiffs and Rule 23 Class Members.

        4.1.2. Within 10 days after receiving the class list, the Settlement Claims Administrator shall mail to the Class, the Court-approved Notice of Class and Collective Action Settlement and Fairness Hearing in English and Spanish.

        4.1.3. The Settlement Claims Administrator shall notify Defendants' Counsel and Class Counsel within five (5) days if a Notice is returned as undeliverable. Within (5) days of receiving notice that the mailing was returned as undeliverable, Defendants shall furnish to the Claims Administrator and Class Counsel a copy of the documents from the Class

Member's employee file used to populate the class list. The Settlement Claims Administrator will verify the mailing address from the employee records and if necessary, take reasonable steps to obtain a current address, including one (1) skip trace and a review of the National Change of Address (NCOA) database, and shall re-mail the Notice. The Settlement Claims Administrator shall also mail a Notice to any Class Member who so requests after the initial mailing of the Notice.

4.1.4. Class Members will have 30 days from the date the Settlement Notice is mailed to opt out of the settlement or object to it ("Notice Period").

4.1.5. Plaintiff will file a Motion for Final Approval of Settlement within 7 days of the fairness hearing.

4.2. If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue an Order Granting Final approval adopting the following post-settlement procedures:

4.2.1. If no party seeks an appeal of the Court's Final Order and Judgment, the "Effective Date" of the settlement will be 35 days following the Court's Order Granting Final Approval. If there is an appeal of the Court's decision granting final approval, the "Effective Date" will be upon the day after all appeals are resolved in favor of the final approval.

4.2.2. By no later than five (5) business days after the Effective Date, Defendants shall deposit into the Qualified Settlement Fund the total gross sum of One Million Two Hundred Thousand Dollars and Zero Cents ($1,200,000.00).

4.2.3. Within ten (10) business days of the Qualified Settlement Fund being funded as described in Section 4.2 of the Settlement Agreement, the Settlement Claims Administrator shall distribute the fund as provided in Sections 4.3 and 4.7 of the Settlement Agreement.

4.2.4. Class Members will have thirty-five (35) days from the date of mailing to endorse and cash their Settlement Checks (the "Acceptance Period").

4.2.5. Amounts remaining in the Qualified Settlement Fund twenty-five (25) days after the close of the Acceptance Period will revert, and be distributed to the Defendants.

It is so ORDERED this _____ day of _____, 2020.

_____
U.S.D.J.