UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x
EDGAR GUEVARA and LORENA M. GUEVARA,
individually and on behalf of all others similarly situated,

                                        Plaintiffs,

                                                    Case No. 15-CV-02895 (GRB)

                    *- against -*

SIROB IMPORTS, INC., NICK BOBORIS and PETER
BOBORIS,

                                        Defendants.
--------------------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT**

Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
3 School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150 • F (516) 882-5420
smoser@moseremploymentlaw.com

# TABLE OF CONTENTS

**INTRODUCTION AND PROCEDURAL HISTORY** ................................................................ 1

**SUMMARY OF SETTLEMENT TERMS** ................................................................................ 3

I.     PROPOSED CLASS AND MONETARY TERMS ................................................................ 3

II.    PROCEDURAL TERMS ................................................................................................... 4

III.   RELEASE ................................................................................................................ 5

IV.   CLASS ACTION SETTLEMENT PROCEDURE ................................................................ 6

**ARGUMENT** .............................................................................................................................. 8

I.     PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE ...................... 8

   A.  The Proposed Settlement is Fair, Reasonable and Adequate. ............................................ 10

     1.  Litigation Through Trial Would Be Complex, Costly and Long (*Grinell* Factor 1). .... 10

     2.  The Reaction of the Class Has Been Positive (*Grinell* Factor 2). ................................. 11

     3.  Discovery Has Advanced Far Enough To Allow The Parties To Responsibility Resolve The Case (*Grinell* Factor 3). ................................................................................. 11

     4.  Plaintiffs Would Face Real Risks If The Case Proceeded (*Grinell* Factors 4 and 5). ... 12

     5.  The Risks Of Maintaining The Class Action Through Trial (*Grinnell* Factor 6). ......... 12

     6.  Defendants' Ability to Withstand a Greater Judgment Is Not Assured (*Grinnell* Factor 7). ............................................................................................................................. 13

     7.  The Settlement Fund Is Substantial In Light Of The Possible Recovery And The Attendant Risks Of Litigation (*Grinnell* Factors 8 and 9). ................................................ 13

II.    CERTIFICATION OF THE RULE 23 SETTLEMENT CLASS IS APPROPRIATE ......... 14

III.   THE PROPOSED CLASS NOTICE IS APPROPRIATE ................................................... 15

**CONCLUSION** .......................................................................................................................... 15

## Table of Authorities

**Supreme Court Opinions**

*Anderson v. Mt. Clemens Pottery Co.*,
   328 U.S. 680 (1946) ............................................................................................ 12

*Comcast Corp. v. Behrend*,
   133 S. Ct. 1426 (2013) ........................................................................................ 12

**Second Circuit Opinions**

*Clark v. Ecolab, Inc.*,
   No. 06 Civ. 5672 (PAC), 2009 U.S. Dist. LEXIS 108736 (S.D.N.Y. Nov. 17, 2009) ............ 9

*Detroit v. Grinnell Corp.*,
   495 F.2d 448 (2d Cir. 1974) ..................................................................... 9-10, 10

*Frank v. Eastman Kodak Co.*,
   228 F.R.D. 174 (W.D.N.Y. 2005) ...................................................................... 9

*Garcia v. Pancho Villa's of Huntington Vill., Inc.*,
   No. 09-CV-486 (ETB), 2012 U.S. Dist. LEXIS 144446 (E.D.N.Y. Oct. 4, 2012) .... 12, 13, 14

*In re Austrian & German Bank Holocaust Litig.*,
   80 F. Supp. 2d 164 (S.D.N.Y. 2000) ............................................................. 10

*In re PaineWebber Pshps. Litig.*,
   171 F.R.D. 104 (S.D.N.Y. 1997) ................................................................... 11

*In re*
   Traffic Exec. Ass'n—E. Railroads, 627 F.2d 631 (2d Cir. 1980) .......................................... 9

In re Ira Haupt & Co., 304 F. Supp. 917 (S.D.N.Y. 1969) .......................................... 11

*Karic v. Major Auto. Cos.*,
   No. 09 CV 5708 (CLP), 2016 U.S. Dist. LEXIS 57782 (E.D.N.Y. Apr. 27, 2016) .............. 11

*Kochilas v. Nat'l Merch. Servs.*,
   No. 1:14-cv-00311, 2015 U.S. Dist. LEXIS 135553 (E.D.N.Y. Oct. 2, 2015) ....................... 9

*Lovaglio v.*
   W & E Hosp. Inc., No. 10 CIV 7351 (LLS), 2012 U.S. Dist. LEXIS 72645 (S.D.N.Y. Mar. 12, 2012) ................................................................................................ 9

*Maley v. Del Global Techs. Corp.*,
   186 F. Supp. 2d 358 (S.D.N.Y. 2002) ............................................................. 11

*Maywalt v. Parker & Parsley Petrol. Co.*,
   67 F.3d 1072 (2d Cir. 1995) ........................................................................... 8

*Sierra v. Spring Scaffolding L.L.C.*,
    No. 12-cv-05160 (JMA), 2015 U.S. Dist. LEXIS 178006 (E.D.N.Y. Sept. 30, 2015) .......... 14

*Sukhnandan v. Royal Health Care of Long Island, L.L.C.*, No. 12 Civ.
    4216 (RLE), 2013 U.S. Dist. LEXIS 126004 (S.D.N.Y. Sept. 3, 2013) ........................... 9, 15

*Tiro* v. *Pub. House Invs., L.L.C.*,
    No. 11 Civ. 8249 (CM), 2013 U.S. Dist. LEXIS 72826 (S.D.N.Y. May 22, 2013) .............. 15

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
    396F.3d 96, (2d Cir. 2005) ...................................................................................... 8

*Yuzary v. HSBC Bank USA, N.A*, No. 12 Civ.
    3693 (PGG), 2013 U.S. Dist. LEXIS 61643 (S.D.N.Y. Apr. 29, 2013) .................................. 8

**Federal Court Opinions**

*In re Warfarin Sodium Antitrust Litig.*,
    391 F.3d 516 (3d Cir. 2004) .................................................................................... 11

*Officers for Justice v. Civil Serv. Com.*,
    688 F.2d 615 (9th Cir. 1982) .................................................................................. 13

**Rules**

Fed. R. Civ. P. 23 ................................................................................... *passim*

**Other**

12 NYCRR § 142-2.4. C ........................................................................................... 1

## INTRODUCTION AND PROCEDURAL HISTORY[1]

This action was commenced on May 19, 2015.  *See* Compl., ECF No. 1.

The class and collective action complaint alleged five causes of action.  The first three causes of action (Counts I-III, Compl. ¶¶ 86-103) seek overtime and straight wages under the NYLL and the FLSA based on three distinct policies which resulted in the failure to pay employees for all compensable hours:

1. Failing to pay employees for a 15-minute compensable break ("uncompensated rest period claims").  *See* Compl. ¶¶ 41-42;

2. Failing to pay employees for pre-shift work which involved washing hands and donning company-provided attire such as a hairnet, gloves, and coat ("donning and doffing claims"). Compl. ¶¶ 43-44; and

3. Rounding down hours paid at the end of the day to the nearest ½ hour worked ("rounding claims").  Compl. ¶¶ 45-46.

Count IV sought spread of hours pay on behalf of all minimum wage workers who worked a spread of hours in excess of ten and were not paid an additional hour at the minimum wage.  *See* Compl. ¶¶ 49-50, 104-107; 12 NYCRR § 142-2.4.  Count V alleged that employees hired after the passage of the New York Wage Theft Prevention Act did not receive the wage notice required by NYLL § 195(1).  *See* Compl. ¶¶ 51-52, 108-111.

On November 17, 2016, the Plaintiffs filed an amended complaint which modified the individual factual allegations of the named Plaintiffs.  *See* Amen. Compl., ECF No. 28.  The causes of action remained the same.  *See* Amen. Compl. ¶¶ 84-109.

---

[1] Facts set forth in this section are supported by the Declaration of Steven J. Moser in Support of Plaintiffs' Motion for Preliminary Approval of Class And Collective Action Settlement.

On November 30, 2016 the parties filed a consent to Jurisdiction by then United States Magistrate Judge Gary R. Brown.  ECF No. 29.

Following a period of substantial discovery, Plaintiffs moved for conditional certification of FLSA Claims (Count I), appointment of the Moser Law Firm, PC as class counsel, and Rule 23 Class Certification of all NYLL Claims (Counts II-V).  *See* ECF Nos. 39-48 (June 7, 2017).  Defendants cross moved for partial summary judgment dismissing Counts I, II, III based upon Plaintiffs' uncompensated rest period, donning and doffing, and rounding claims, as well as Count V (wage notice claims).  *See* ECF Nos. 49-52 (June 7, 2017).

On November 3, 2017, the Honorable Gary R. Brown, the Magistrate Judge for the Eastern District of New York, dismissed the donning and doffing claims only, and allowed the remaining claims to proceed. ECF No. 59 at 1, 15.[2]  Judge Brown also granted Plaintiffs' request for class and collective action certification of (1) unpaid rest period claims (Counts I-III), (2) rounding claims (Counts I-III), (3) spread of hours pay (Count IV) and (4) wage notice claims (Count V).  *Id.*

On February 13, 2018 Class Counsel mailed Notice and Consent to Join forms to the FLSA collective. Fourteen individuals, in addition to the Class Representatives, filed consent forms to join the collective action.  *See* ECF Nos. 64-77.

On August 20, 2018 and again on November 15, 2018 the parties attempted to reach a negotiated settlement with the assistance of a court-approved mediator, Vivian Berger, Esq. These attempts at reaching a settlement were unsuccessful.  On August 5, 2019 the parties participated in a Settlement Conference before the Honorable Steven I. Locke, United States Magistrate for the Eastern District of New York, which resulted in a settlement, subject to Court approval.

---

[2] A copy of the order is annexed to the Declaration of Steven J. Moser ("Moser Decl.") as Exhibit 1.

By this motion, the Plaintiffs request preliminary approval of the settlement.

## SUMMARY OF SETTLEMENT TERMS

**I.     PROPOSED CLASS AND MONETARY TERMS**

The significant terms of the Settlement Agreement[3] are as follows:

1. **Settlement Class.** The Parties have agreed to certification of a settlement class consisting of "all nonexempt and/or hourly employees, other than managers, corporate officers, and directors who performed work for Sirob Imports, Inc. at any time during the period from May 19, 2009 until October 19, 2019." *See* Settlement Agreement § 1.2.

2. **Settlement Amount.** The Defendants have agreed to pay a maximum of $1,200,000.00. *Id.* § 1.12 (the "Gross Settlement Amount").

3. **Service Awards.** At the fairness hearing, the Class Representatives may each seek a service award of up to $10,000.00 to be paid from the Gross Settlement Amount. *Id.* § 4.6.

4. **Administration Fees.** At the fairness hearing, Class Counsel may seek the payment of the Settlement Claims Administrator's Fees and Costs, and costs and expenses associated with the action, to be paid from the Gross Settlement Amount. *Id.* § 4.5.

5. **Attorneys' Fees.** At the fairness hearing, Class Counsel may apply for Attorneys' Fees of up to 1/3 of the Gross Settlement Amount, plus actual costs. *Id.* § 4.4.

---

[3] The Class and Collective Action Settlement Agreement ("Settlement Agreement") is annexed to the Moser Declaration as Exhibit 2.

6. **Distribution.**   In the event that, following the Fairness Hearing, the Court finally approves the settlement, the Net Settlement Fund[4] will be distributed among all Class Members based upon length of employment.  *Id.* § 4.7.3.

## II.    <u>PROCEDURAL TERMS</u>

This motion for Preliminary Approval is made within 14 days of the complete execution of the Settlement Agreement, pursuant to section 3.1 thereof.  By this motion, Plaintiff seeks an order (i) certifying the Settlement Class for settlement purposes; (ii) preliminarily approving the terms and conditions of the Settlement Agreement; (iii) directing the manner and timing of providing Notice to the Settlement Class; and (iv) setting the dates and deadlines for effectuating the settlement, including the dates to object to or opt out of the settlement, the date of mailing of the Notice and the Fairness Hearing date.  A copy of the proposed Preliminary Approval Order is annexed to the Notice of Motion as Exhibit 1.

The Court's preliminary approval will set in motion the following procedures:

1. **Class List.**   Within ten (10) calendar days Defendants' Counsel shall provide the Settlement Claims Administrator and Class Counsel with the Class List.  Settlement Agreement § 3.2.1.

2. **Mailing.**   Within ten (10) calendar days after receipt of the class list, the Settlement Claims Administrator shall mail to each Class Member via First Class Mail, in English and Spanish, the Court-approved Notice.  *Id.* § 3.2.2.[5]

---

[4] "Net Settlement Fund" is the remainder of the Gross Settlement Amount after deductions for: (i) Service Payments awarded by the Court to the Named Plaintiffs, (ii) the Settlement Claims Administrators' fees and costs approved by the Court, and (iii) Class Counsels' fees and expenses approved by the Court."  Settlement Agreement ¶ 1.15.
[5] Class Counsel has agreed to retain Settlement Services, Inc. as the Settlement Claims Administrator. *Id.* ¶ 1.11.

3. **Dates to Object or Opt-Out.** With limited exceptions, Class Members shall have thirty (30) days from the date of the initial mailing to either (a) opt-out of (*Id.* § 3.3), or (b) object to (*Id.* § 3.4) the proposed settlement.

4. **Fairness Hearing**. The Fairness hearing will be scheduled by the Court. At least seven (7) days prior to the Fairness Hearing, Class Counsel shall file documents in support of final approval of the settlement, which may include (but are not limited to) a report from the Settlement Claims Administrator, an application service awards, an application for attorneys' fees and costs, and supporting affidavits and documents from Class Counsel regarding the fairness, adequacy, and reasonableness of the settlement or any aspect related to the Agreement. *Id.* § 3.6.

5. **Eligibility.** Each Class Member who does not opt-out of the settlement will be mailed a settlement check.

6. **Acceptance Period.** Class Members will have 35 days from the date checks are mailed by the claims administrator to cash their individual settlement checks. *Id.* § 4.3.2. Uncashed checks will revert to the Defendants. *Id.* § 4.3.2.

III. **RELEASE**

1. **NYLL Release.** Each Rule 23 Class Member who does not opt-out of the settlement will release defendants from

   all claims, rights, demands, liabilities, and causes of action of every nature and description, whether known or unknown, which he or she now has, may have, or ever had, for failure to pay wages, overtime, spread-of-hours payments, or any other monies, or with respect to any and all other wage-related claims that were asserted, or could have been asserted, either in the Litigation or under any state or local wage and hour laws including, but not limited to, the New York Labor Law, and any and all rules and regulations issued thereunder, arising out of work performed for Sirob Imports, Inc. from the beginning of time to the Effective Date of this Agreement, including related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses.

*Id.* § 5.1.

> **2. FLSA Release**. Any Class Member who deposits or cashes a Settlement Check will thereby become an Opt-In Plaintiff under the FLSA.[6] In addition to the NYLL Release, each Opt-In Plaintiff
>
> > forever and fully releases Defendants from any and all claims, rights, demands, liabilities, and causes of action of every nature and description, whether known or unknown, which he or she now has, may have, or ever had, for minimum wages, failure to pay wages, overtime, liquidated damages, attorneys' fees and costs under the Fair Labor Standards Act and any and all rules and regulations issued thereunder, arising out of work performed for Sirob Imports, Inc. from the beginning of time until the Effective Date of this Agreement.

*Id.* § 5.2.

## IV.   CLASS ACTION SETTLEMENT PROCEDURE

Courts have established a defined procedure and specific criteria for settlement approval in class action settlements that include three distinct steps:

1. Preliminary approval of the proposed settlement after submission to the Court of a written motion for preliminary approval and certification of the settlement class;

2. Dissemination of mailed and/or published notice of settlement to all affected class members; and

3. A final settlement approval hearing at which class members may be heard regarding the settlement, and at which argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

*See* Fed. R. Civ. P. 23(e); Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("Newberg") §§ 11.22 *et seq*. (4th ed. 2002). With this motion, the Plaintiffs request that the Court take the first step – granting preliminary approval of the Settlement Agreement, conditionally certifying the settlement class, approving the proposed Notice and authorizing the Claims Administrator to send it.

---

[6] *See id.* ¶ 1.4 (defining an "Opt-In Plaintiff" as any Class Member "who deposits or cashes a settlement check") and ¶ 5.2 (stating that Opt-In Plaintiffs shall release FLSA claims in addition to claims arising under the NYLL).

The Plaintiffs respectfully submit the following proposed schedule for final resolution of this matter in the event that the Court finds preliminary approval is appropriate:

1. **Class List.** Within ten (10) calendar days of the Preliminary Approval Order being signed by the Court, Defendants' Counsel shall provide the Settlement Claims Administrator and Class Counsel with the Class List. Settlement Agreement § 3.2.1.

2. **Mailing Notice.** Within ten (10) days after receipt of the class list, the Settlement Claims Administrator shall mail to each Class Member via First Class Mail, in English and Spanish, the Court-approved Notice. *Id.* § 3.2.2.

3. **Notices Returned as Undeliverable.** If a Notice is returned as undeliverable, the Settlement Claims Administrator shall notify Defendants' Counsel and Class Counsel. *Id.* § 3.2.3. "Within (5) days of receiving notice that the mailing was returned as undeliverable, Defendants shall furnish to the Claims Administrator and Class Counsel a copy of the documents from the Class Member's employee file used to populate the class list." *Id.* § 3.2.3. The Claims administrator shall take all reasonable steps to obtain a current address, including one skip trace, and shall re-mail the Claim Form to such address. *Id.* § 3.2.3.

4. **Final Approval.** At least seven (7) days prior to the fairness hearing, Class Counsel shall file supporting documents for final approval of the settlement. *Id.* § 3.6. After the fairness hearing, if the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Approval Order. *Id.* § 3.6.

5. **Effective Date.** The Effective Date of the Agreement shall be 35 days after the Court finally approves the settlement. *Id.* § 1.10.

6. **Funding the Settlement.** Within five business days after the Effective Date, the Defendants shall deposit $1.2 million into the Qualified Settlement Fund ("QSF") established by the Claims Administrator. *Id.* § 4.2.

7. **Distributing the Fund.** The Claims Administrator will mail a Settlement Check to each Class Member who has not opted-out within ten (10) business days after the Defendants fund the QSF. *Id.* § 4.3.1. Within ten (10) business days after the Defendants fund the QSF the Claims Administrator will also "mail any and all Service Awards payable to the Named Plaintiffs to Moser Law Firm, P.C.", "mail or wire transfer payment to Class Counsel in the amount of Court-approved attorneys' fees and costs", and "make payments to the Settlement Claims Administrator in the amount of Court-approved Settlement Claims." *Id.* § 4.3.1.

8. **Acceptance Period**. Class Members will have thirty-five (35) days from the date of mailing to endorse and cash their Settlement Checks (the "Acceptance Period"). *Id.* § 4.3.2.

9. **Reversion.** Amounts remaining in the QSF twenty-five (25) days after the close of the Acceptance Period will revert and be issued back to Defendants. *Id.* § 4.3.2.

**ARGUMENT**

I.  **PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE**

The law favors compromise and settlement of class action lawsuits. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (noting the "strong judicial policy in favor of settlements particularly in the class action context") (internal citation omitted). The approval of a proposed class action settlement is a matter for the discretion of the trial court. *Maywalt v. Parker & Parsley Petrol. Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995). "In exercising this discretion, courts should give weight to the parties' consensual decision to settle class action cases because they and

their counsel are in unique positions to access potential risks." *Yuzary v. HSBC Bank USA, N.A*, No. 12 Civ. 3693 (PGG), 2013 U.S. Dist. LEXIS 61643, at \*3 (S.D.N.Y. Apr. 29, 2013) (citation omitted).  At the first step in the settlement process, preliminary approval "simply allows notice to issue to the class and for Class Members to object to or opt-out of the settlement." *Id.*

Preliminary approval requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Clark v. Ecolab, Inc.*, No. 06 Civ. 5672 (PAC), 2009 U.S. Dist. LEXIS 108736, at \*14-15 (S.D.N.Y. Nov. 17, 2009).   Nevertheless, courts often grant preliminary settlement approval without requests for a hearing or a court appearance.  *Sukhnandan v. Royal Health Care of Long Island, L.L.C.*, No. 12 Civ. 4216 (RLE), 2013 U.S. Dist. LEXIS 126004, at \*1 (S.D.N.Y. Sept. 3, 2013).  To grant preliminary approval, the court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness."  *In re Traffic Exec. Ass'n—E. Railroads*, 627 F.2d 631, 634 (2d Cir. 1980); *see Newberg § 11.25* ("If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness … and appears to fall within the range of possible approval," the court should permit notice of the settlement to be sent to class members).

"Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement."  *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005).  A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.  *Lovaglio v. W & E Hosp. Inc.*, No. 10 CIV 7351 (LLS), 2012 U.S. Dist. LEXIS 72645, at \*1 (S.D.N.Y. Mar. 12, 2012) (granting preliminary approval where settlement was "the result of extensive, arm's length negotiations by counsel well-versed in the prosecution

and defense of wage and hour class and collective actions"). "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *Kochilas v. Nat'l Merch. Servs.*, No. 1:14-cv-00311, 2015 U.S. Dist. LEXIS 135553, at *8 (E.D.N.Y. Oct. 2, 2015).

## A. The Proposed Settlement is Fair, Reasonable and Adequate.

In evaluating a class action settlement, courts in the Second Circuit consider the nine factors set forth in *Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). Although the Court need not evaluate the *Grinell* factors in order to conduct its initial evaluation of the settlement, it may be useful for the Court to consider the criteria upon which it will ultimately judge the settlement. The *Grinnell* factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Grinnell*, 495 F.2d at 463. Applied here, the *Grinell* factors weigh in favor of approval of the Settlement Agreement and preliminary approval.

### 1. Litigation Through Trial Would Be Complex, Costly and Long (*Grinell* Factor 1).

By reaching a favorable settlement prior to dispositive motions or trial, Plaintiffs seeks to avoid significant expense and delay and ensure a speedy recovery for the class. "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems

associated with them." *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000).

Although there has been significant discovery, a fact-intensive trial would be necessary. In addition, Plaintiffs anticipate the need for representative testimony and expert testimony on issues of liability and damages. A trial on liability and damages would be costly and would further defer closure. Any judgment might be appealed, thereby extending the duration of the litigation. This settlement, on the other hand, makes monetary relief available to Class Members in a prompt and efficient manner.

### 2. The Reaction of the Class Has Been Positive (*Grinell* Factor 2).

"It is well-settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy." *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 362 (S.D.N.Y. 2002). Here, the Class representatives have expressed their approval of the settlement terms by signing the Settlement Agreement. *See* Exhibit 2 to the Moser Decl. After notice issues and Class Members have had an opportunity to weigh in, the Court can more fully analyze this factor.

### 3. Discovery Has Advanced Far Enough To Allow The Parties To Responsibility Resolve The Case (*Grinell* Factor 3).

The parties have completed enough discovery to recommend settlement. The pertinent question is "whether counsel had an adequate appreciation of the merits of the case before negotiating." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 537 (3d Cir. 2004) (quoting *In re Cendant Corp. Litig.* 201, 235 (3d Cir. 2001)) (internal quotation marks omitted). The parties have had the opportunity to conduct full fact discovery and the Defendants have made available for inspection class-wide wage and hour documents. Therefore, the parties were well-equipped to evaluate the strengths and weaknesses of the case.

4. **Plaintiffs Would Face Risks If The Case Proceeded (*Grinell* Factors 4 and 5).**

"Litigation inherently involves risks." *In re PaineWebber Pshps. Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997). Indeed, "[i]f settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of outcome." *In re Ira Haupt & Co.*, 304 F. Supp. 917, 934 (S.D.N.Y. 1969); *see also Karic v. Major Auto. Cos.*, No. 09 CV 5708 (CLP), 2016 U.S. Dist. LEXIS 57782, at *19 (E.D.N.Y. Apr. 27, 2016).

While the Plaintiffs believe that they would prevail, a finding of liability is not a certainty. Furthermore, the amount of damages is not subject to precise mathematical computation. Where an employer maintains accurate wage and hour records, an analysis of those records can yield a fairly precise computation of damages. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). In this case, many of the payroll records were destroyed in a fire. Therefore, representative testimony and expert testimony would be necessary to establish the extent of damages, with the concomitant risk that damages proven would not exceed the amount of the settlement.

The proposed settlement alleviates this risk. Thus, this factor weighs in favor of preliminary approval.

5. **The Risks Of Maintaining The Class Action Through Trial (*Grinnell* Factor 6).**

The Court has certified a class under Fed. R. Civ. P. 23 and appointed class counsel. However, the burden is on the Plaintiffs to establish class-wide damages. *See Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013) ("[A]t the class-certification stage (as at trial)", plaintiffs must demonstrate that "damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(2)."). Again, while the Plaintiffs believe they would ultimately prevail, Settlement eliminates the risk of maintaining the class action through trial, establishing damages, and the delay associated with a full trial.

**6.** **Defendants' Ability to Withstand a Greater Judgment Is Not Assured (_Grinnell_ Factor 7).**

Defendants have not furnished comprehensive financial information. Therefore, the ability to withstand a greater judgment cannot be fully evaluated. Even if Defendants could afford to pay more, a "defendant's ability to withstand greater judgment, standing alone, does not suggest that the settlement is unfair." _Garcia v. Pancho Villa's of Huntington Vill., Inc._, No. 09-CV-486 (ETB), 2012 U.S. Dist. LEXIS 144446, at *13 (E.D.N.Y. Oct. 4, 2012) (quoting _Frank v. Eastman Kodak Co._, 228 F.R.D. 174, 186 (W.D.N.Y. 2005)). In this case, settlement eliminates the uncertainty concerning the collectability of an eventual judgment.

**7.** **The Settlement Fund Is Substantial In Light Of The Possible Recovery And The Attendant Risks Of Litigation (_Grinnell_ Factors 8 and 9).**

The $1,200,000.00 settlement amount represents a good value given the risks of litigation, even though the recovery could potentially be greater if Plaintiffs succeed on all claims at trial and survive an appeal. Weighing the benefits of the settlement against the risks associated with proceeding in the litigation, the settlement amount is reasonable.

The maximum damages computed by the Plaintiffs for the Class is approximately $2.3M.[7] However, this number includes $1.4M in liquidated damages and statutory interest.[8] Overtime and spread of hours pay were computed by Plaintiffs to be approximately $900,000.[9] The Defendants opposed these calculations, and submitted their own calculations showing damages at mere fraction of the settlement amount.[10] But even assuming that the Plaintiffs were to obtain a Judgment for the maximum computed damages, this fact, standing alone would not render the settlement unfair. "It is well-established that a cash settlement amounting to only a fraction of the

---

[7] Moser Decl. ¶ 13.
[8] Moser Decl. ¶ 13.
[9] Moser Decl. ¶ 15.
[10] Moser Decl. ¶ 15.

potential recovery will not *per se* render the settlement inadequate or unfair." *Officers for Justice v. Civil Serv. Com.*, 688 F.2d 615, 628 (9th Cir. 1982); *see also Karic*, No. 09-CV-5708 (CLP), at *30-31.

The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'" *Garcia*, 2012 U.S. Dist. LEXIS 144446, at *14 (quoting *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005)). "Instead, 'there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Garcia*, 2012 U.S. Dist. LEXIS 144446 (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). Moreover, when settlement assures immediate payment of substantial amounts to class members, "even if it means sacrificing 'speculative payment of a hypothetically larger amount years down the road,'" settlement is reasonable under this factor. *Sierra v. Spring Scaffolding L.L.C.*, No. 12-cv-05160 (JMA), 2015 U.S. Dist. LEXIS 178006, at *17 (E.D.N.Y. Sept. 30, 2015).

## II.    <u>CERTIFICATION OF THE RULE 23 SETTLEMENT CLASS IS APPROPRIATE</u>

The Plaintiffs respectfully request that the Court conditionally certify the following Fed. R. Civ. P. 23 class for settlement purposes:

> "[A]ll nonexempt and/or hourly employees, other than managers, corporate officers, and directors who performed work for Sirob Imports, Inc. at any time during the period from May 19, 2009 until October 19, 2019."[11]

The court has already granted class certification under Rule 23(a) and appointed the Moser Law Firm as Class Counsel. *See* ECF No. 59 (Exhibit 1 to the Moser Declaration).

---

[11] *See* Settlement Agreement ¶ 1.2.

**III.** **THE PROPOSED CLASS NOTICE IS APPROPRIATE**

The content of the proposed Settlement Notice, which is attached as Exhibit A of Exhibit 2 to the Moser Declaration, fully complies with due process and Federal Rule of Civil Procedure 23(c)(2)(B). The Settlement Notice satisfies each of the requirements of the Rule and explains the basis on which each Class Member's award will be determined, the allocation of attorneys' fees and costs, and provides specific information regarding the date, time, and place of the final approval hearing and how to object to or exclude oneself from the settlement. This information is adequate to put Class Members on notice of the proposed settlement and is well within the requirements of Rule 23(c)(2)(B). *See, e.g., Sukhnandan,* 2013 U.S. Dist. LEXIS 126004, at *16 (class notice need only describe the terms of the settlement generally); *Tiro v. Pub. House Invs., L.L.C.*, No. 11 Civ. 8249 (CM), 2013 U.S. Dist. LEXIS 72826, at *15-16 (S.D.N.Y. May 22, 2013).

## CONCLUSION

For the reasons set forth above, the parties respectfully request that the Court (i) certify the Settlement Class for settlement purposes; (ii) preliminarily approve the terms and conditions of the Settlement Agreement; (iii) direct the manner and timing of providing Notice to the Settlement Class; and (iv) set the dates and deadlines for effectuating the settlement and enter the proposed Order annexed to the Notice of Motion as Exhibit 1.

Dated: Glen Cove, New York
February 3, 2020

Respectfully submitted,
MOSER LAW FIRM, P.C.
*CLASS COUNSEL*
3 School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150

By:_____
Steven J. Moser