UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
EDGAR GUEVARA and LORENA M. GUEVARA,
individually and on behalf of all others similarly situated,

                                       Plaintiffs,

            Case No. 15-CV-02895 (GRB)

          - against -

SIROB IMPORTS, INC., NICK BOBORIS and PETER
BOBORIS,

                                      Defendants.
------------------------------------------------------------------------x

## DECLARATION OF STEVEN J. MOSER
## IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY
## APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

I, Steven J. Moser, declare as follows:

1.     I am the lawyer primarily responsible for prosecuting Plaintiffs' claims.

2.     I make these statements based upon personal knowledge.

3.     This action was commenced on May 19, 2015. *See* Compl., ECF No. 1.

4.     The class and collective action complaint alleged five causes of action. The first three causes of action (Counts I-III, Compl. ¶¶ 86-103) seek overtime and straight wages under the NYLL and the FLSA based on three distinct policies which resulted in the failure to pay employees for all compensable hours:

    a. Failing to pay employees for a 15-minute compensable break ("uncompensated rest period claims"). See Compl. ¶¶ 41-42;

    b. Failing to pay employees for pre-shift work which involved washing hands and donning company-provided attire such as a hairnet, gloves, and coat ("donning and doffing claims"). Compl. ¶¶ 43-44; and

1

     c. Rounding down hours paid at the end of the day to the nearest ½ hour worked ("rounding claims"). Compl. ¶¶ 45-46.

5. Count IV sought spread of hours pay on behalf of all minimum wage workers who worked a spread of hours in excess of ten and were not paid an additional hour at the minimum wage. *See* Compl. ¶¶ 49-50, 104-107; 12 NYCRR § 142-2.4. Count V alleged that employees hired after the passage of the New York Wage Theft Prevention Act did not receive the wage notice required by NYLL § 195(1). *See* Compl. ¶¶ 51-52, 108-111.

6. On November 17, 2016, the Plaintiffs filed an amended complaint which modified the individual factual allegations of the named Plaintiffs. *See* Amen. Compl., ECF No. 28. The causes of action remained the same. *See* Amen. Compl. ¶¶ 84-109.

7. On November 30, 2016 the parties filed a consent to Jurisdiction by United States by then Magistrate Judge Gary R. Brown. ECF No. 29.

8. Following a period of substantial discovery, Plaintiffs moved for conditional certification of FLSA Claims (Count I), appointment of the Moser Law Firm, PC as class counsel, and Rule 23 Class Certification of all NYLL Claims (Counts II-V). See ECF Nos. 39-48 (June 7, 2017). Defendants cross moved for partial summary judgment dismissing Counts I, II, III based upon Plaintiffs' uncompensated rest period, donning and doffing, and rounding claims, as well as Count V (wage notice claims). *See* ECF Nos. 49-52 (June 7, 2017).

9. On November 3, 2017, the Honorable Gary R. Brown, then Magistrate Judge for the Eastern District of New York, dismissed the donning and doffing claims only, and allowed the remaining claims to proceed. ECF No. 59 at 1, 15. A copy of Judge Brown's Order is annexed hereto as **<u>Exhibit 1</u>**. The Court granted Plaintiffs' request for class and collective action certification of (1) unpaid rest period claims (Counts I-III), (2) rounding claims (Counts I-III),

(3) spread of hours pay (Count IV) and (4) wage notice claims (Count V). *Id.*

10. On February 13, 2018 Class Counsel mailed Notice and Consent to Join forms to the FLSA collective. Fourteen individuals, in addition to the Class Representatives, filed consent forms to join the collective action. *See* ECF Nos. 64-77.

11. After commencement the parties engaged in full fact discovery. Defendants also made available for inspection class-wide wage and hour documents, payroll tax returns, and other documents which were used by Plaintiffs to compute damages.

12. Plaintiffs prepared detailed damages computation spreadsheet using Microsoft Excel.

13. According to Plaintiffs' calculations, overtime and spread of hours pay were estimated at $900K. Liquidated damages and prejudgment interest were estimated to be an additional $1.4M, for a total damages calculation of approximately $2.3M.

14. On August 20, 2018 and again on November 15, 2018 the parties attempted to reach a negotiated settlement with the assistance of a court-approved mediator, Vivian Berger, Esq. These attempts at reaching a settlement were unsuccessful.

15. Although Plaintiffs estimated the wages component of damages to be approximately $900K, Defendants submitted their own comprehensive damages calculations in the course of mediation which computed overtime and spread of hours pay (and resulting liquidated damages and interest) at only a fraction of the amounts computed by the Plaintiffs.

16. On August 5, 2019 the parties participated in a Settlement Conference before the Honorable Steven I. Locke, United States Magistrate for the Eastern District of New York, which resulted in a settlement, subject to Court approval.

17. A copy of the Settlement Agreement is annexed hereto as **Exhibit 2.**

18. The proposed settlement calls for the payment of a maximum amount of $1,200,000.00.

19. A copy of the proposed class notice is annexed hereto as **Exhibit 3**.

20. A copy of the proposed class notice in Spanish is annexed hereto as **Exhibit 4**.

\* \* \*

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: Glen Cove, New York
February 3, 2020

_____
Steven J. Moser