UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
EDGAR GUEVARA and LORENA M. GUEVARA,
individually and on behalf of all others similarly situated,

                                        Plaintiffs,

                                              Case No. 15-CV-02895 (GRB)

              - *against* -

SIROB IMPORTS, INC., NICK BOBORIS and PETER
BOBORIS,

                                        Defendants.
------------------------------------------------------------------x

## CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT

This Class and Collective Action Settlement Agreement ("Agreement") is made by and between (1) Edgar Guevara and Lorena M. Guevara, individually and on behalf of the Rule 23 Class and Opt-In Plaintiffs (as hereinafter defined), and (2) Sirob Imports, Inc., Nick Boboris and Peter Boboris, on their own behalf, and on behalf of their present and former directors, officers, trustees, partners, representatives, agents, owners, managers, parent and subsidiary companies, successors, heirs, assigns, executors, administrators, insurers, and attorneys ("Defendants" or "Releasees"), to voluntarily and completely settle and resolve all issues involved in the above-captioned matter (the "Lawsuit" or the "Litigation") and the wage and hour claims that were or could have been asserted by the parties to this Agreement.

1.     DEFINITIONS

        1.1.     Named Plaintiffs. "Named Plaintiffs" means Edgar Guevara and Lorena M. Guevara.

        1.2.     Rule 23 Class. "Rule 23 Class" or "Class" means all nonexempt and/or hourly employees, other than managers, corporate officers, and directors who performed work for Sirob Imports, Inc. at any time during the period from May 19, 2009 until October 19, 2019.

        1.3.     Class Member. "Class Member" means any member of the Rule 23 Class.

        1.4.     Opt-In Plaintiff. "Opt-In Plaintiff" is any member of the Rule 23 Class who deposits or cashes a Settlement Check.

1.5. <u>Plaintiffs.</u> "Plaintiffs" includes "Named Plaintiffs", "Class Members" and "Opt-in Plaintiffs".

1.6. <u>The Parties.</u> The "Parties" includes Plaintiffs and Defendants to this Agreement.

1.7. <u>Lawsuit</u>. "Lawsuit" means the above-captioned lawsuit commenced on May 19, 2015.

1.8. <u>Class Counsel</u>. "Class Counsel" means the Moser Law Firm, P.C., 3 School Street, Suite 207B, Glen Cove, New York 11542, (516) 671-1150.

1.9. <u>Defendants' Counsel</u>. "Defendants' Counsel" means Milber Makris Plousadis & Seiden, LLP, Elizabeth R. Gorman, Esq., 1000 Woodbury Road, Suite 402, Woodbury, New York 11797, (516) 712-4000..

1.10. <u>Effective Date.</u> The "Effective Date" of this agreement shall be 35 days following the date an Order is granted by the Court approving all terms herein and granting final approval of the settlement ("Final Approval Order").

1.11. <u>Settlement Claims Administrator</u>. "Settlement Claims Administrator" means Settlement Services, Inc., PO Box 1657, Tallahassee, FL 32302, (866) 385-6216.

1.12. <u>Gross Settlement Amount</u>. "Gross Settlement Amount" means One Million Two Hundred Thousand Dollars and Zero Cents ($1,200,00.00), which Defendants have agreed to pay for complete and final settlement and resolution of the Lawsuit, inclusive of all costs, fees and service awards.

1.13. <u>Qualified Settlement Fund</u>. "Qualified Settlement Fund" or "QSF" means an account established by the Settlement Claims Administrator for the Gross Settlement Amount paid by the Defendants. The QSF will be controlled by the Settlement Claims Administrator subject to the terms of this Agreement and the Court's Preliminary Approval Order and Final Approval Order. Interest, if any, earned on the QSF will become part of the Settlement Amount.

1.14. <u>Settlement Checks</u>. "Settlement Checks" means checks issued to the Rule 23 Class Members by the Settlement Claims Administrator for their respective share of the Net Settlement Fund calculated in accordance with this Agreement.

1.15. <u>Net Settlement Fund</u>. "Net Settlement Fund" is the remainder of the Gross Settlement Amount after deductions for: (i) Service Payments awarded by the Court to the Named Plaintiffs, (ii) the Settlement Claims Administrators' fees and costs approved by the Court, and (iii) Class Counsels' fees and expenses approved by the Court.

2. <u>DUTIES OF CLAIMS ADMINISTRATOR.</u> The Settlement Claims Administrator will be responsible for: (1) preparing, printing and disseminating to Class Members the Notice; (2) performing a skip trace and resending any Notice returned without a forwarding address, or resending to those with a new forwarding address; (3) responding to inquiries from respective parties regarding requests or communications made by the Parties; (4) monitoring and maintaining a telephone number with telephone answerers until the Effective Date; (5) promptly furnishing to counsel for the Parties copies of any opt-out requests, objections or other written or electronic communications from Class Members that the Settlement Claims Administrator receives; (6) keeping track of requests for exclusion or objection, including maintaining the original envelope in which the request or objection was mailed; (7) calculating and determining each of the Class Members' proportionate share of the Net Settlement Fund in accordance with the formula specified in Section 4.7 of this Agreement; (8) distributing the Settlement Checks to Class Members, (9) paying Court Approved Service Awards and/or Court-approved Costs and Fees, as necessary and pursuant to the terms of this Agreement; (10) preparing, sending and/or wire-transferring Class Counsel's Court-approved attorneys' fees, expenses, and costs; (11) mailing the Service Award and Settlement Checks in accordance with this Agreement and the Final Approval Order; (12) issuing the IRS Form 1099s, to the extent required, for all amounts paid from the Gross Settlement Amount; (13) responding to inquiries of Class Members regarding procedures for filing objections and Opt-out Statements; (14) referring to Class Counsel all inquiries by Class Members regarding matters not within the Settlement Claim Administrator's duties specified herein; (15) responding to inquiries of counsel for the Parties relating to the Settlement Claims Administrator's duties specified herein; (16) promptly apprising counsel for the Parties of the activities of the Settlement Claims Administrator; (17) maintaining adequate records of its activities, including, the costs and fees it incurs with respect to the QSF, the dates of the mailing of Notices, returned mail and any and all other actual or attempted written or electronic communications with Class Members; (18) keeping accurate time and expense records relating to the administration of the settlement; (19) timely responding to communications from the Parties and their counsel; (20) preparing a declaration regarding its due diligence, costs, and fees incurred in the claims administration process; (21) providing images of the Settlement Checks signed by the Opt-In Plaintiffs to Defendants' Counsel and Class Counsel; (22) providing proof of payment of the Service Awards to Defendants' Counsel and Class Counsel; (23) confirming in writing to counsel for the Parties and the Court its completion of the administration of the settlement; and (24) such other tasks as the Parties mutually agree.

3. <u>SETTLEMENT APPROVAL AND CLASS NOTICE PROCEDURE</u>

   3.1. <u>Motion for Preliminary Approval.</u> Within 14 days after this Agreement is fully-executed by the appropriate Parties, or such earlier date as may be required by the Court, Class Counsel shall file with the Court a Motion for Preliminary Approval of

the Settlement and the authorization to distribute the proposed Notice of Class and Collective Action Settlement and Fairness Hearing ("Preliminary Approval Motion"). A copy of the proposed Order granting Preliminary Approval ("Preliminary Approval Order") is attached to this Agreement as Exhibit A. A copy of the proposed Notice of Class and Collective Action Settlement and Fairness Hearing is attached to this Agreement as Exhibit B.

3.2. <u>Class Notice.</u>

    3.2.1. <u>Class List</u>. Within 10 days after the Court's entry on ECF of the Preliminary Approval Order, Defendants' Counsel shall provide Class Counsel and the Settlement Claims Administrator with an Excel spreadsheet containing the names, addresses, social security numbers, dates of employment, and number of weeks worked between May 19, 2009 and October 19, 2019 of the Named Plaintiffs and Rule 23 Class Members.

    3.2.2. <u>Mailing</u>. Within 10 days after receiving the class list, the Settlement Claims Administrator shall mail to the Class, the Court-approved Notice of Class and Collective Action Settlement and Fairness Hearing in English and Spanish.

    3.2.3. <u>Skip Trace and Re-mailing</u>. The Settlement Claims Administrator shall notify Defendants' Counsel and Class Counsel within five (5) days if a Notice is returned as undeliverable. Within (5) days of receiving notice that the mailing was returned as undeliverable, Defendants shall furnish to the Claims Administrator and Class Counsel a copy of the documents from the Class Member's employee file used to populate the class list. The Settlement Claims Administrator will verify the mailing address from the employee records and if necessary, take reasonable steps to obtain a current address, including one (1) skip trace and a review of the National Change of Address (NCOA) database, and shall re-mail the Notice. The Settlement Claims Administrator shall also mail a Notice to any Class Member who so requests after the initial mailing of the Notice.

3.3. <u>Rule 23 Class Member Opt-outs</u>.

    3.3.1. Any Class Member who chooses to opt-out of the settlement must mail a written and signed Opt-Out Statement to the Settlement Claims Administrator. To be effective, (1) the Opt-out Statement must state: "I opt-out of the Sirob Imports class action settlement;" (2) the Opt-out Statement must include the name, address, telephone number and signature of the person opting-out of the settlement; and (3) the Opt-out Statement must be postmarked within thirty (30) days from the date of

mailing of the Notice to the Class Member.

3.3.2. Any Rule 23 Class Member whose first mailing is returned to the Settlement Claims Administrator as undeliverable will be permitted to opt-out of or object to the proposed settlement for up to thirty (30) days from the date of the second mailing, but no later than at least 14 days before the Fairness Hearing.

3.3.3. Any Rule 23 Class Member who does not properly submit an Opt-out Statement pursuant to this Agreement, will be deemed to have accepted the settlement and the terms of this Agreement and will be issued a Settlement Check.

3.4. Objections.

3.4.1. Any Class Member who wishes to present an objection to the proposed settlement at the Fairness Hearing must first do so in a written statement ("Written Objection"). To be considered, the Written Objection must be mailed to the Settlement Claims Administrator so that it is received by the Settlement Claims Administrator no later than thirty (30) days after the mailing of the Notice to the Class Member, but no later than at least 14 days before the Fairness Hearing. The Written Objection must include: (1) the words, "I object to the Sirob Imports class action settlement"; (2) all reasons for the objection, (3) the name, address, and telephone number of the Rule 23 Class Member making the objection, and (4) if the objector received any assistance in preparing the objection, the name, address and telephone number of each individual who assisted the objector in preparing the objection. The Settlement Claims Administrator will stamp the date received on the original objection and send copies of each Written Objection to Class Counsel and Defendants' Counsel by email no later than (1) day after receipt thereof.

3.4.2. An Objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing in his or her written objections at the time he or she submits his or her written objections. An Objector may withdraw his or her objections at any time. No Class Member may present an objection at the Fairness Hearing based on a reason not stated in his or her Written Objections. A Class Member who has submitted an Opt-out Statement may not submit objections to the Settlement or speak at the Fairness Hearing.

3.4.3. Any Party may file with the Court written responses to any filed objections

no later than seven (7) days before the Fairness Hearing.

3.5. Settlement Claims Administrator's Declaration of Due Diligence. Within 7 days after the expiration of the time period to opt-out of the proposed settlement, the Settlement Claims Administrator shall provide to Defendants' Counsel and Class Counsel a declaration of due diligence regarding its activities and the discharge of its duties under Section 3.1 herein.

3.6. Motion for Final Approval. At least 7 days prior to the Fairness Hearing, Class Counsel shall file with the Court a Motion for Final Approval of the Settlement (**"Final Approval Motion"**).

4. FINANCIAL TERMS

    4.1. Settlement Amount. Defendants agree to pay a maximum amount of One Million Two Hundred Thousand Dollars and Zero Cents ($1,200,000.00). Defendants will not be required to pay more than One Million Two Hundred Thousand Dollars and Zero Cents ($1,200,000.00) under the terms of this Agreement.

    4.2. Funding the QSF. By no later than five (5) business days after the Effective Date, Defendants shall deposit into the QSF the total gross sum of One Million Two Hundred Thousand Dollars and Zero Cents ($1,200,000.00). Any interest accrued from the QSF shall immediately be added to and become part of the Gross Settlement Amount.

    4.3. Payments from the QSF. The Settlement Claims Administrator shall make the following payments from the QSF:

        4.3.1. Within ten (10) business days of the QSF being funded as described in Section 4.2, the Settlement Claims Administrator shall (1) mail all Settlement Checks to Class Members, (2) mail any and all Service Awards payable to the Named Plaintiffs to Moser Law Firm, P.C., (3) mail or wire-transfer payment to Class Counsel in the amount of Court-approved attorneys' fees and costs, and (4) make payments to the Settlement Claims Administrator in the amount of Court-approved Settlement Claims Administrator's costs and expenses.

        4.3.2. Class Members will have thirty-five (35) days from the date of mailing to endorse and cash their Settlement Checks (the "Acceptance Period"). Class Members will be informed of the Acceptance Period on the Settlement Checks. The settlement claims administrator will furnish to Class Counsel and Defendants' Counsel, 10 days after the expiration of the Acceptance Period, all QSF bank reconciliation statements, images of

endorsed settlement checks, and a list of uncashed settlement checks. Amounts remaining in the QSF twenty-five (25) days after the close of the Acceptance Period will revert, and be issued back to Defendants.

4.4. <u>Attorneys' Fees and Costs</u>. At the Fairness Hearing and in the Final Approval Motion, Class Counsel will petition the Court for an award of attorneys' fees of no more than one-third (l/3) of the Gross Settlement Amount, and for reimbursement of Class Counsel's actual litigation costs and expenses, to be paid from the QSF. Defendants will not oppose such application.

4.5. <u>Settlement Claims Administration Costs</u>. At the Fairness Hearing and in the Final Approval Motion, Class Counsel will petition the Court for an award of the Settlement Claims Administrator's costs and expenses to be paid from the QSF.

4.6. <u>Service Award to the Named Plaintiffs</u>. At the Fairness Hearing and in the Final Approval Motion, Class Counsel will apply for a serviced award from the QSF to each Named Plaintiff in the amount of $10,000. Defendants will not oppose such application.

4.7. <u>Net Settlement Fund and Allocation to Rule 23 Class Members</u>.

   4.7.1. <u>Settlement Claims Administrator to Distribute Net Settlement Fund</u>. The allocation of the Settlement Checks to the Rule 23 Class Members will be made from the Net Settlement Fund.

   4.7.2. <u>Minimum Payment to Class Members</u>. Notwithstanding the formula below, no Class Member will be awarded a payment that is less than $50.00. In the event that a Class Member's settlement share under the calculation set forth below is less than $50.00, his or her settlement share will be increased to $50.00 and subtracted from the Net Settlement Fund, and all other Class Members' settlement shares will be recalculated to offset this increase.

   4.7.3. <u>Formula</u>. A Class Member's proportionate share of the Net Settlement Fund shall be determined by the Claims Administrator pursuant to the formula set forth below:

   Each Class Member will receive four (4) points for every week (or part of a week) worked for the period between May 19, 2009 and October 19, 2019.

   Each Class Member who was hired on or after April 9, 2011 will receive 1 point for every week (or part of a week) worked for the

period between April 9, 2011 until October 19, 2019.

The Net Settlement Fund will be divided by the aggregate number of points accrued by all of the Class Members to arrive at a value for each point ("Point Value")

Each Class Member's total points will be multiplied by the Point Value to determine his or her Individual Settlement Amount.

4.8. Taxes.

4.8.1. Tax Characterization. Settlement Checks to Rule 23 Class Members shall be issued without withholding. The Settlement Claims Administrator shall report to the IRS and Opt-In Plaintiff, to the extent required by law, under the Opt-In Plaintiff's name and social security number (or tax identification number) on an IRS Form 1099. Payments of attorneys' fees and costs pursuant to section 4.4 and payments of the Settlement Claims Administrator's fees and costs pursuant to Section 4.5 shall be made without withholding and reported to the IRS and the payee under the payee's name and taxpayer identification number, which each such payee shall provide for this purpose, on an IRS Form 1099. Service awards payable pursuant to Section 4.6 shall be made without withholding and reported to the IRS and the payee under the payee's name and social security number (or tax identification number) on an IRS Form 1099.

4.8.2. Opt-In Plaintiffs' Responsibility for Taxes. The employee portion of any and all applicable income and payroll taxes will be the sole responsibility of the Opt-In Plaintiff cashing or depositing Settlement Check. By cashing or depositing the check, each Opt-In Plaintiff acknowledges and agrees that he or she will be solely responsible for all taxes due with respect to the settlement payment, other than the employer's portion of the payroll tax (if any).

4.8.3. This agreement does not constitute tax advice. Neither Class Counsel nor Defendants' Counsel intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

5. RELEASE.

5.1. Release of Claims by Named Plaintiffs and Rule 23 Class. As of the Effective Date, and except as to such rights or claims as may be created expressly in this

Agreement, each of the Named Plaintiffs, and each of the Rule 23 Class members who does not opt out of the Agreement, forever and fully releases Defendants from any and all claims, rights, demands, liabilities, and causes of action of every nature and description, whether known or unknown, which he or she now has, may have, or ever had, for failure to pay wages, overtime, spread-of-hours payments, or any other monies, or with respect to any and all other wage-related claims that were asserted, or could have been asserted, either in the Litigation or under any state or local wage and hour laws including, but not limited to, the New York Labor Law, and any and all rules and regulations issued thereunder, arising out of work performed for Sirob Imports, Inc. from the beginning of time to the Effective Date of this Agreement, including related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses,

5.2. <u>Release of FLSA Claims</u>.  In addition to the Release of Claims described in Section 5.1, each Opt-in Plaintiff forever and fully releases Defendants from any and all claims, rights, demands, liabilities, and causes of action of every nature and description, whether known or unknown, which he or she now has, may have, or ever had, for minimum wages, failure to pay wages, overtime, liquidated damages, attorneys' fees and costs under the Fair Labor Standards Act and any and all rules and regulations issued thereunder, arising out of work performed for Sirob Imports, Inc. from the beginning of time until the Effective Date of this Agreement.

5.3. <u>Inscription on Settlement Check Stubs</u>.  All check stubs attached to the Settlement Checks sent to Class Members shall contain, the following language:

> *"FINAL RELEASE OF CLAIMS:*
>
> *I understand that I must cash or deposit this check on or before the expiration date printed on the face of the check.*
>
> *I understand that by negotiating, endorsing, depositing, or cashing this check I am unconditionally releasing Sirob Imports, Inc., Nick Boboris, and Peter Boboris, their heirs, administrators, representatives, executors, estates, predecessors, successors, or assigns, for any claims of wage or wage notice violations of the Fair Labor Standards Act or the New York Labor Law, arising out of work performed for Sirob Imports, Inc., from the beginning of the world through [the date of the Final Approval Order]."*

5.4. <u>Inscription on Face of Settlement Checks</u>.  The face of each Settlement Check shall indicate the *"Valid until"* date, which shall be 35 days after the date of mailing.

5.5. <u>Inscription on back of Settlement Checks</u>. The back of all Settlement Checks shall contain the following language:

> *"I understand and agree that by negotiating, endorsing, depositing, or cashing this check, I am bound by the FINAL RELEASE OF CLAIMS that is contained on the attached check stub.*
> *Dated:_____,*
> *Signature_____"*

6. **NOTICES**. All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be mailed to the undersigned persons and emailed at their respective email addresses set forth herein:

   <u>Class Counsel</u>

   Moser Law Firm, P.C.
   5 East Main Street
   Huntington, NY 11722
   smoser@moseremploymentlaw.com

   <u>Defendants' Counsel</u>

   Milber Makris Plousadis & Seiden, LLP,
   Attn: Elizabeth R. Gorman, Esq.,
   1000 Woodbury Road, Suite 402,
   Woodbury, New York 11797
   egorman@milbermakris.com

7. **REPRESENTATION BY COUNSEL.** All of the Parties acknowledge that they have been represented by counsel throughout the negotiations that preceded the execution of this Agreement and that this Agreement has been executed with the consent and advice of counsel.

8. **NO ADMISSION OF LIABILITY.** This Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Parties to this Agreement. The Defendants vigorously deny liability and have agreed to the terms of settlement without, in any way, acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will: (i) provide substantial benefits the Defendants, (ii) avoid the further expense and disruption of Defendants' business due to the pendency and expense of litigation, and (iii) put the claims in the Litigation finally to rest. Nothing in this Agreement shall be

deemed or used as an admission of liability on behalf of the Releasees, or as an admission that monies are owed for any purpose other than settlement purposes. No findings with respect to any claim or allegation will be made by the Court as part of the approval process. The Final Approval Order and Notices will state that Court has not found any liability or any wrongdoing with respect to the allegations and claims in the Litigation.

9. **MODIFICATION OF AGREEMENT.** This Agreement may not be modified or amended, and no term or provision herein may be waived, except in writing, signed by each of the Parties, and as approved by the Court. Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

10. **CONSTRUCTION AND INTERPRETATION.**

    10.1. **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with respect to the subject matter contained in this Agreement and shall supersede all prior and contemporaneous negotiations, communications, or writings between the Parties. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement, or any specific term or condition.

    10.2. **No Reliance on Representations or Extrinsic Evidence.** Except as expressly provided in this Agreement, this Agreement has not been executed in reliance upon any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary or contradict its terms. In entering into this Agreement, the Parties agree that this Agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence.

    10.3. **Controlling Law.** This Agreement shall be subject to, governed by, construed, enforced and administered in accordance with the laws of the State of New York, both in its procedural and substantive aspects, and without regard to principles of conflicts of laws, and shall be subject to the continuing and exclusive jurisdiction of the United States District Court for the Eastern District of New York.

    10.4. **Severability.** If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect to the extent that the effect of

the Agreement remains materially the same and the obligations of the Parties remain materially the same.

11. **COUNTERPARTS.** This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this Agreement. All counterparts of any such document together shall constitute one and the same instrument. A photocopy, facsimile, or digital image of an executed counterpart shall be enforceable and admissible as an original.

12. **AUTHORITY OF COUNSEL.**

    12.1. **Facsimile, Electronic, and Email Signatures.** Any Party may execute this Agreement by signing or by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile, email or other electronic means to counsel for the other Parties. Any signature made and transmitted by facsimile, email, or other electronic means for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email or other electronic means.

    12.2. **Voluntary Signature.** All Parties agree that they have signed this Agreement or authorized their counsel to sign this Agreement on their behalf, knowingly, voluntarily, with full knowledge of its significance, and without coercion. Settlement

13. **EFFECT OF NON-APPROVAL.** In the event that this Agreement is not approved by the Court for any reason in the form submitted by the Parties, the Parties will attempt to address any concerns raised by the Court and resubmit a revised settlement agreement if possible. If the Parties cannot agree on a revised settlement agreement, or if the Court denies the approval of a renegotiated settlement agreement, this Agreement or the renegotiated agreement shall be void ab initio.

14. **COOPERATION BETWEEN THE PARTIES; FURTHER ACTS.** The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

and transmitted by facsimile, email, or other electronic means for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email or other electronic means.

12.2. **Voluntary Signature**. All Parties agree that they have signed this Agreement or authorized their counsel to sign this Agreement on their behalf, knowingly, voluntarily, with full knowledge of its significance, and without coercion. Settlement

13. **EFFECT OF NON-APPROVAL**. In the event that this Agreement is not approved by the Court for any reason in the form submitted by the Parties, the Parties will attempt to address any concerns raised by the Court and resubmit a revised settlement agreement if possible. If the Parties cannot agree on a revised settlement agreement, or if the Court denies the approval of a renegotiated settlement agreement, this Agreement or the renegotiated agreement shall be void ab initio.

14. **COOPERATION BETWEEN THE PARTIES; FURTHER ACTS**. The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

PLAINTIFFS

_____  Dated:_____
Edgar Guevara

_____  Dated:_____
Lorena Guevara

DEFENDANTS:

_____  Dated: 12/16/19
Peter Boboris

_____  Dated: 12/16/19
Nick Boboris

Sirob Imports, Inc.
_____  Dated: 12/16/19
By: Nick Boboris, President

PLAINTIFFS

_*(signed)*_  Dated: 12/20/2019

Edgar Guevara

_____  Dated:_____

Lorena Guevara

DEFENDANTS:

_____  Dated:_____

Peter Boboris

_____  Dated:_____

Nick Boboris

Sirob Imports, Inc.

_____  Dated:_____

By: Nick Boboris, President

ATTORNEYS FOR PLAINTIFFS         ATTORNEYS FOR DEFENDANTS

Dated: _____            Dated: _____
   Glen Cove, NY                    Woodbury, NY

By: _____       By: _____
   Steven Moser, Esq.                Elizabeth R. Gorman, Esq.
   Moser Law Firm, P.C.              Milber Makris Plousadis
   5 East Main Street                & Seiden, LLP
   Huntington, NY 11722              1000 Woodbury Road, Suite 402
                                     Woodbury, New York 11797

PLAINTIFFS

_____  Dated:_____
Edgar Guevara

_____  Dated: 12/20/2019
Lorena Guevara

DEFENDANTS:

_____  Dated:_____
Peter Boboris

_____  Dated:_____
Nick Boboris

Sirob Imports, Inc.

_____  Dated:_____
By: Nick Boboris, President

ATTORNEYS FOR PLAINTIFFS         ATTORNEYS FOR DEFENDANTS

Dated: _____        Dated: _____
    Glen Cove, NY                      Woodbury, NY

By: _____   By: _____
    Steven Moser, Esq.                    Elizabeth R. Gorman, Esq.
    Moser Law Firm, P.C.                  Milber Makris Plousadis
    5 East Main Street                    & Seiden, LLP
    Huntington, NY 11722                  1000 Woodbury Road, Suite 402
                                          Woodbury, New York 11797

ATTORNEYS FOR PLAINTIFFS

Dated: 2/3/2020
      Glen Cove, NY

By: _____
Steven Moser, Esq.
Moser Law Firm, P.C.
5 East Main Street
Huntington, NY 11722

ATTORNEYS FOR DEFENDANTS

Dated: 12/17/19
      Woodbury, NY

By: _____
Elizabeth R. Gorman, Esq.
Milber Makris Plousadis
& Seiden, LLP
1000 Woodbury Road, Suite 402
Woodbury, New York 11797