IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
EDGAR GUEVARA and LORENA M. GUEVARA,
individually and on behalf of all others similarly situated,

                                           Plaintiffs,

                               *- against -*

                                                                                    Case No. 15-CV-02895 (GRB)

SIROB IMPORTS, INC., NICK BOBORIS and PETER
BOBORIS,

                                           Defendants.
-----------------------------------------------------------------x

TO:    ALL NONEXEMPT AND/OR HOURLY EMPLOYEES, OTHER THAN MANAGERS, CORPORATE OFFICERS, AND DIRECTORS WHO PERFORMED WORK FOR SIROB IMPORTS, INC. AT ANY TIME DURING THE PERIOD FROM MAY 19, 2009 UNTIL MAY 18, 2019

<u>**NOTICE OF PROPOSED SETTLEMENT OF**
**CLASS AND COLLECTIVE ACTION LAWSUIT**</u>

**This Notice has been authorized by the United States District Court for the Eastern District of New York. It contains important information as to your right to participate in or to remove yourself from a proposed settlement. <u>Please read this entire notice carefully</u>.**

<u>Introduction</u>

In 2015, two former employees of Sirob Imports, Inc. filed a wage lawsuit in the United States District Court for the Eastern District of New York. Edgar Guevara, and Lorena M. Guevara, the former employees who filed the lawsuit, are called the "Plaintiffs." Sirob Imports, Inc., Nick Boboris and Peter Boboris are the "Defendants." The Plaintiffs and Defendants are referred to as "Parties."

Plaintiffs and Defendants have agreed to settle the case. Defendants have agreed to pay a maximum of $1,200,000.00. This payment includes all payments to class members, attorneys' fees, costs, a service award to the named Plaintiffs and administration costs. **NOTE: There is currently no adverse judgement against the Defendants. The Court has not found the Defendants liable for any damages or violation of law in any way.** The Defendants continue to

vigorously deny liability and have agreed to the terms of this proposed settlement without acknowledging any fault or liability in any way, and with the understanding that terms have been reached because this settlement will: (i) provide substantial benefits the Defendants, (ii) avoid the further expense and disruption of Defendants' business due to the pendency and expense of litigation, and (iii) put the claims in this action finally to rest.

| YOU HAVE A CHOICE TO MAKE | |
|---|---|
| **1. PARTICIPATE** | If you do nothing, you will remain part of the case, will be mailed a settlement check, and will be bound by the terms of the Settlement, if approved. |
| **2. EXCLUDE YOURSELF ("OPT-OUT")** | If you wish to exclude yourself ("opt-out of") the lawsuit you must follow the directions outlined in section 6 of this notice. If you opt-out, you will not receive a payment, and you cannot object to the settlement. However, you retain the right to bring a claim on your own behalf. |
| **3. OBJECT** | You may object to the settlement in writing. If you object, you or your attorney may speak at a hearing about the fairness of the settlement. If the Court approves the settlement after considering your objection, you will still be bound by the terms of the settlement for claims under New York Law. |

### 1. Why did I receive this notice?

You have received this Notice because the Defendants' records show that you were a nonexempt and/or hourly employee who performed work for Sirob Imports, Inc. sometime between May 19, 2009 and October 19, 2019. The Court ordered that you be sent this notice because you have a right to know about a proposed settlement and all your options before the Court decides whether to approve the settlement.

### 2. What is a class action?

A class action is a lawsuit where one or more persons (Class Representatives) sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from (opt-out of) the Class.

| 3. What is this case about? |
|---|

On May 19, 2015, Edgar Guevara and Lorena M. Guevara ("Plaintiffs") filed a class action against Sirob Imports, Inc., Nick Boboris and Peter Boboris in the United States District Court for the Eastern District of New York. The Plaintiffs claimed that the Defendants (1) should have paid them for a 20 minute break each morning ("unpaid rest period claim"), (2) should have paid them for pre-and post-shift time spent changing, washing hands, changing into work clothes, and changing out of work clothes at the end of the day ("donning and doffing claim"), (3) had an unlawful policy of rounding down hours paid to the ½ hour ("rounding claim"), (4) did not pay an additional hour, in addition to the minimum wages, for each day in which the time between the beginning and the end of the workday exceeded 10 hours ("spread of hours pay"), and (5) failed to provide a notice within 10 days of hiring as required by the New York Labor Law ("wage notice claim").

| 4. | What has happened in this case so far? |
|---|---|

Defendants filed an Answer denying the allegations in the Complaint and defended all of the claims. The Plaintiffs furnished documents and gave pre-trial sworn testimony. The Defendants also furnished timecards, payroll information, and gave pre-trial sworn testimony regarding the claims asserted in the case.

On June 7, 2017 Defendants requested that the Court dismiss the (1) unpaid rest period claims, (2) donning and doffing claims, (3) rounding claims, and (4) claims for spread of hours pay.

On June 7, 2017, Plaintiffs requested that the Court certify the case as a class and collective action.

On November 3, 2017, the Honorable Gary R. Brown, United States Magistrate Judge for the Eastern District of New York, dismissed the donning and doffing claims, and allowed the remaining claims to proceed. Judge Brown also appointed the Moser Law Firm, PC as Class Counsel and granted Plaintiffs' request for class and collective action certification of (1) unpaid rest period claims, (2) rounding claims, (3) spread of hours pay. and (4) wage notice claims.

On February 13, 2018 Class Counsel mailed Notice and Consent to Join forms to the FLSA collective. Fourteen individuals, in addition to the Class Representatives, filed consent forms to join the collective action.

On August 20, 2018 and again on November 15, 2018 the parties attempted to reach a negotiated settlement with the assistance of a court-approved mediator, Vivian Berger, Esq. These attempts at reaching a settlement were unsuccessful. On August 5, 2019 the parties participated in a Settlement Conference before the Honorable Steven I. Locke, United States Magistrate for the Eastern District of New York, which resulted in this proposed settlement.

| 5. | **How much will I receive?** |

If you do nothing and the Court approves the settlement, you will be mailed a settlement check. The amount of your check will be based on the number of weeks you worked. The more time you worked for Sirob Imports, Inc. between May 19, 2009 and October 19, 2019, the more you will receive.

The total settlement amount is $1,200,000.00. Class Counsel's fees, costs, service awards to the named Plaintiffs, and administration costs will be paid from the settlement amount. The balance remaining after payment of Class Counsel's fees, costs, service awards to the named Plaintiffs, and administration costs is called the Net Settlement Amount.

The Net Settlement Amount will be distributed to each and every Class Member who does not opt-out of the settlement class according to the "points" system described below:

- One (1) point for every week (or portion of a week) worked for the period from May 19, 2009 through October 19, 2019.

- The Net Settlement Amount will then be divided by the total points accrued by all Class Members ("Point Value") and each Class Member's individual points will be multiplied by the Point Value to determine your estimated Individual Settlement Amount.

- No class member will receive less than $50. If a Class Member's share of the settlement under the "points" system is less than $50, that Class Member's share will be increased to $50.

After the Court enters final approval of the settlement and the settlement has become effective, a third-party claims administrator will mail settlement checks to the Class Members. Taxes will not be withheld. You will be responsible for the payment of your share of taxes, if any, from the settlement payment. Neither Class Counsel nor Defendants make any representations concerning the tax consequences of this settlement and you are advised to seek your own personal tax advice prior to acting in response to this notice. You will have thirty-five (35) calendar days after the mailing of your settlement check to cash your settlement check, after which the check will expire and you will forfeit your right to receive payment.

| 6. | **How do I participate in this settlement?** |

To be mailed a settlement check, you do not need to do anything. You will be mailed a settlement check unless you opt-out of the settlement. The Settlement Claims Administrator will calculate your payment after a hearing is held by the Court.

| 7. | What rights am I giving up by participating in this settlement? |

If the Court finally approves the Settlement, all Class Members who do not opt-out will release Defendants from claims for wage and hour violations under New York State Law, including minimum wages, unpaid overtime, unpaid off-the-clock work, liquidated damages, failure to furnish employees with proper wage records and attorneys' fees and costs. which arose prior to the date the court approves the Settlement.

If the Court finally approves the Settlement, the claims administrator will mail to each Class Member a settlement check. By cashing, depositing, or endorsing a settlement check, a Class Member will also release Defendants from claims for wage and hour violations under Federal Law, including minimum wages, unpaid overtime, unpaid off-the-clock work, liquidated damages, attorneys' fees and costs which arose prior to the date the court approves the Settlement.

| 8. | How Do I Exclude Myself From (Opt-Out Of) The Settlement? |

If you do not wish to participate in this proposed settlement and want to keep the right to sue or continue to sue Defendants, on your own, about the legal issues in this case or which could have been brought in this case, then you must take steps to exclude yourself from this case.

If you intend to exclude yourself, you must mail a written, signed statement to the Claims Administrator within 30 days after the notice was mailed to you stating, "I opt-out of the Sirob Imports class action settlement." The Opt-out Statement must contain your name, address, telephone number and signature and must be mailed within thirty (30) days from the date this notice was mailed to you. The Claims Administrator's mailing address is:

Settlement Services, Inc.
PO Box 1657
Tallahassee, FL 32302
Re: Sirob Imports, Inc.

If you exclude yourself from the Lawsuit and Settlement, you cannot object to the settlement.

| 9. | What happens if I exclude myself? |

If you exclude yourself, you will not be mailed a settlement check, but you may initiate, or be part of a different lawsuit against Defendants regarding these same claims. However, if you are considering excluding yourself because you want to file your own lawsuit, you should speak with an attorney to find out if your claims against the employer are timely.

| 10. | What happens if I do not cash the settlement check mailed to me? |

If you do not exclude yourself, you will be mailed a settlement check. If you do not cash the settlement check, you will still forfeit the right to sue the Defendants for the New York Labor Law Claims described in Section 7, and you will only keep the right to sue the Defendants for violations of Federal wage laws. If you are considering not signing or endorsing a check because you want to file your own lawsuit under Federal Law, you should speak with an attorney to determine if your federal claims are timely.

| 11. | Do I have an attorney in this case? |

The law firm appointed by the Court to represent the Class Members, including you, is:

Steven J. Moser, Esq.
Moser Law Firm, P.C.
5 East Main Street
Huntington, NY 11743
(631) 759-4131
http://www.moseremploymentlaw.com

You will not be charged separately for these lawyers. Their fees are being paid from the total settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 12. | How will Class Counsel be paid? |

Class Counsel will ask the Court to approve payment of up to 1/3 of the settlement fund, or $400,000.00, plus litigation expenses and costs to be paid from the settlement fund. Class Counsel will also ask the Court to approve payment of $10,000 to each of the Named Plaintiffs as a service reward in recognition of the risks they took and their service to the Class. Defendants have agreed not to contest the attorneys' fees and the service award.

| 13. | Can I Object to The Settlement? |

You can object to the settlement if you disagree with any part of it. If you object, you also have the right to speak at the Fairness Hearing. The Court will consider your views. If the Court rejects your objection, however, you will still be bound by the terms of the settlement.

To object, you must send a letter saying that you object to the settlement within 30 calendar days after this notice was mailed to you, but at least 14 days before the Fairness Hearing. The Written Objection must include: (1) the words, "I object to the Sirob Imports class action settlement"; (2) all reasons for the objection, (3) your name, address, and telephone number, and (4) the name, address and telephone number of each individual who assisted you in preparing the objection.

Mail the objection to the settlement claims administrator via First-Class United States Mail, postage prepaid at the address below.

Settlement Services, Inc.<br>
PO Box 1657<br>
Tallahassee, FL 32302<br>
Re: Sirob Imports, Inc.

The Claims Administrator will share your objection with Class Counsel and Defendants' counsel and file your objection statement with the Court.

| 14. | What's the Difference Between Objecting and Excluding? |
|---|---|

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself form the settlement ("opting-out") is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

| 15. | When is the Fairness Hearing? |
|---|---|

The Court will hold a Fairness Hearing at _____ on _____, at 100 Federal Plaza, Central Islip, New York 11722 in Courtroom number _____.

At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement.

| 16. | How do I obtain more information? |
|---|---|

This notice summarizes the proposed settlement. More details are in the Settlement Agreement, which is available at no cost from Class Counsel. If you need more information regarding the settlement please contact,

Steven J. Moser, Esq.<br>
Moser Law Firm, P.C.<br>
5 East Main Street<br>
Huntington, NY 11743<br>
(631) 759-4131<br>
http://www.moseremploymentlaw.com