**EN EL TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO ESTE DE NUEVA YORK**

------------------------------------------------------------------------x

EDGAR GUEVARA y LORENA M. GUEVARA,
individualmente y en nombre de todos los demás de
manera similar,

Demandantes

*- contra -*   Caso No 15-CV-02895 (GRB)

SIROB IMPORTS, INC., NICK BOBORIS y PETER
BOBORIS,

Demandados.

------------------------------------------------------------------------x

A:   TODOS EMPLEADOS EXIMIDOS O PAGADOS POR HORA, QUE NO SEAN GERENTES, DIRECTIVOS CORPORATIVOS Y DIRECTORES QUIENES TRABAJARON PARA SIROB IMPORTS, INC. EN CUALQUIER MOMENTO DURANTE EL PERÍODO ENTRE EL 19 DE MAYO DE 2009 Y EL 18 DE MAYO DE 2019

**AVISO DE RESOLUCION PROPUESTO DE
DEMANDA COLECTIVA Y COLECTIVA**

**Este Aviso ha sido autorizado por el Tribunal de Distrito de los Estados Unidos para el Distrito Este de Nueva York. Contiene información importante sobre su derecho a participar o a retirarse de un acuerdo propuesto. Lea atentamente este aviso completo.**

Introducción

En 2015, dos ex empleados de Sirob Imports, Inc. presentaron una demanda en el Tribunal de Distrito de los Estados Unidos para el Distrito Este de Nueva York. Edgar Guevara, y Lorena M. Guevara, los exempleados que presentaron la demanda, se llaman los "Demandantes". Sirob Imports, Inc., Nick Boboris y Peter Boboris son los "Demandados". Los Demandantes y Demandados se conocen como "Partidos".

Los demandantes y demandados han acordado resolver el caso. Los acusados han acordado pagar un máximo de $1,200,000.00. Este pago incluye todos los pagos a los miembros de la colectiva, honorarios de abogados, costos, un premio de servicio a los Demandantes nombrados y costos de administración. **NOTA: Actualmente no hay sentencia adversa contra los Demandados. El Tribunal no ha encontrado a los Demandados responsables de ningún daño o violación de la ley de ninguna manera.** Los Demandados continúan negando enérgicamente la responsabilidad y han acordado los términos de este acuerdo propuesto sin reconocer ninguna falta o responsabilidad de ninguna manera, y con el entendimiento de que se han alcanzado los términos porque este

acuerdo: (i) proporcionará beneficios sustanciales a los Demandados, (ii) evitará el gasto adicional y la interrupción de los negocios de los Demandados debido a la pendencia y los gastos de litigio, y (iii) pondrá las reclamaciones en esta acción finalmente para descanso.

| **TIENES QUE ELEGIR** | |
|---|---|
| **1. Participar** | Si no hace nada, seguirá siendo parte del caso, se le enviará por correo un cheque de liquidación, y estará obligado por los términos del acuerdo si sea aprobado. |
| **2. Excluirse** | Si desea excluirse de la demanda debe seguir las instrucciones escritas en la sección 6 de este aviso. Si opta por no participar, no recibirá un pago y no podrá oponerse al acuerdo. Sin embargo, usted se reserva el derecho de presentar una demanda en su propio nombre. |
| **3. Oponer** | Puede oponer el acuerdo por escrito. Si usted opone el acuerdo, usted o su abogado pueden hablar en un oído sobre la justicia del acuerdo. Si el Tribunal aprueba el acuerdo después de considerar su objeción, usted todavía estará obligado por los términos del acuerdo para reclamos bajo la Ley de Nueva York. |

### 1. ¿Por qué recibí este aviso?

Usted ha recibido este Aviso porque los registros de los Demandados muestran que usted era un empleado eximido o pagado por hora que realizó trabajo para Sirob Imports, Inc. entre el 19 de mayo de 2009 y el 19 de octubre de 2019. El Tribunal ordenó que se le enviara este aviso porque tiene derecho a saber acerca de un acuerdo propuesto y todas sus opciones antes de que el Tribunal decida si aprueba el acuerdo.

### 2. ¿Qué es una acción colectiva?

Una demanda colectiva es una demanda en la que una o más personas (representantes de la Colectiva) demandan no sólo por sí mismos, sino también para otras personas que tienen reclamos similares. Estas otras personas son conocidas como Miembros de la Colectiva. En una demanda colectiva, un tribunal resuelve los problemas para todos los Miembros de la Colectiva, excepto para aquellos que se excluyen ("se sacan") de la Colectiva.

### 3. ¿De qué se trata este caso?

El 19 de mayo de 2015, Edgar Guevara y Lorena M. Guevara ("Demandantes") presentaron una demanda colectiva contra Sirob Imports, Inc., Nick Boboris y Peter Boboris en el Tribunal de Distrito de los Estados Unidos para el Distrito Este deNueva York. Los Demandantes alegaron que los Demandados (1) deberían haberles pagado por un descanso de 20 minutos cada mañana ("reclamaciones por período de descanso no pagado"), (2) deberían haberles pagado por el tiempo anterior y posterior al turno para lavarse las manos, cambiarse de ropa de trabajo y cambiarse de ropa de trabajo al final del día ("reclamaciones de 'quitar y poner'"), (3) tenía una política de redondear de las horas pagadas abajo a la media hora trabajada ("reclamaciones de

redondear"), (4) no pagaba una hora adicional, además de la salarios mínimos, por cada día en el que el tiempo entre el comienzo y el final del día laboral superó las 10 horas ("reclamaciones de bonos diarios"), y (5) no proporcionó un aviso dentro de los 10 días de la contratación según lo requerido por la Ley Laboral de Nueva York ("reclamaciones de aviso salarial").

**4.     ¿Qué ha ocurrido en este caso hasta ahora?**

Los demandados presentaron una respuesta negando las acusaciones en la queja y defendieron todas las reclamaciones. Los Demandantes proporcionaron documentos y dieron testimonio antes del juicio. Los Demandados también proporcionaron tarjetas de tiempo, información y dieron testimonio previo al juicio con respecto a las reclamaciones en el caso.

El 7 de junio de 2017, los Demandados solicitaron que el Tribunal despide los (1) reclamaciones por períodos de descanso no pagados, (2) reclamaciones de poner y quitar (3) reclamaciones de redondear y (4) reclamaciones por bonos diarios.

El 7 de junio de 2017, los Demandantes solicitaron que la Corte certificara el caso como una Colectiva y una acción colectiva.

El 3 de noviembre de 2017, el Honorable Gary R. Brown, Juez Magistrado de los Estados Unidos para el Distrito Este de Nueva York (ahora Juez de Distrito), despidió las reclamaciones de poner y quitar, y permitió que las otras reclamaciones seguir. El juez Brown también nombró al Moser Law Firm, PC como abogados de la Colectiva y otorgó la solicitud de los Demandantes para la certificación de Colectiva y acción colectiva de (1) reclamaciones por período de descanso no pagado, (2) reclamaciones de redondear, (3) reclamaciones de bonos diarios (4) reclamaciones por aviso salarial.

El 13 de febrero de 2018, el Abogado de la Colectiva envió por correo Notificación y formulario de Consentimiento a Unirse a la colectiva FLSA. Catorce personas, además de los Representantes de la Colectiva, presentaron formularios de consentimiento para unirse a la acción colectiva.

El 20 de agosto de 2018 y de nuevo el 15 de noviembre de 2018 las partes intentaron llegar a un acuerdo negociado con la ayuda de un mediador aprobado por la corte, Vivian Berger, Esq. Estos intentos de llegar a un acuerdo no tuvieron éxito. El 5 de agosto de 2019, las partes participaron en una Conferencia de Conciliación ante el Honorable Steven I. Locke, Magistrado de los Estados Unidos para el Distrito Este de Nueva York, lo que resultó en este acuerdo propuesto.

**5.     ¿Cuánto recibiré?**

Si usted no hace nada y el Tribunal aprueba el acuerdo, se le enviará por correo un cheque de liquidación. La cantidad de su cheque se basará en el número de semanas que trabajó. Cuanto más tiempo trabajó para Sirob Imports, Inc. entre el 19 de mayo de 2009 y el 19 de octubre de 2019, más recibirá.

3

La cantidad total de la liquidación es de $1,200,000.00. Los honorarios del abogado de la Colectiva, costos, premios de servicio a los Demandantes nombrados y los costos de administración se pagarán desde la liquidación. La cantidad después del pago de los honorarios, costos, premios de servicio a los demandantes nombrados y costos de administración se denomina Cantidad Neta de Liquidación.

La Cantidad Neta de liquidación se distribuirá a cada uno de los Miembros de la Colectiva que no se excluyen de la liquidación de acuerdo con el sistema de "puntos" que se describe a continuación:

- Un (1) punto por cada semana (o porción de una semana) trabajado para el período del 19 de mayo de 2009 al 19 de octubre de 2019.

- La Cantidad Neta de liquidación se dividirá por el total de puntos acumulados por todos los Miembros de la Colectiva ("Valor de Puntos") y los puntos individuales de cada Miembro de la Colectiva se multiplicarán por el Valor de Punto para determinar su Monto de Liquidación Individual estimado.

- Ningún miembro de la Colectiva recibirá menos de $50. Si la participación de un Miembro del Colectiva en el acuerdo bajo el sistema de "puntos" es inferior a $50, la participación de ese Miembro de la Colectiva se incrementará a $50.

Después de que el Tribunal ingrese la aprobación final del acuerdo y el acuerdo haya hecho efectivo, un administrador de reclamos de terceros enviará cheques de liquidación por correo a los Miembros del Colectiva. Los impuestos no serán retenidos. Usted será responsable del pago de su parte de impuestos, si los hubiera, del pago de la liquidación. Ni el Abogado del Colectiva ni los Demandados hacen ninguna representación con respecto a las consecuencias fiscales de este acuerdo y se le aconseja que busque su propio asesoramiento fiscal personal antes de actuar en respuesta a este aviso. Usted tendrá treinta y cinco (35) días calendario después del envío de su cheque de liquidación para cobrar su cheque de liquidación, después de lo cual el cheque expirará y perderá su derecho a recibir el pago.

**6.     ¿Cómo participo en este acuerdo?**

Para que se le envíe por correo un cheque de liquidación, no es necesario hacer nada. Se le enviará por correo un cheque de liquidación a menos que se excluye del acuerdo. El Administrador de Reclamaciones del Acuerdo calculará su pago después de que el Tribunal mantenga un Audiencia de Equidad.

**7.     ¿Qué derechos renunciaré al participar en este acuerdo?**

Si la Corte finalmente aprueba el Acuerdo, todos los Miembros de la Colectiva que no se sacan del acuerdo liberarán a los Demandados de las reclamaciones por violaciones bajo la Ley del Estado de Nueva York, incluyendo salarios mínimos, horas extras no pagadas, trabajo no remunerado, daños liquidados, falta de suministro a los empleados con registros salariales adecuados y honorarios y costos de abogados.

Si el Tribunal aprueba finalmente el Acuerdo, el administrador de reclamos enviará por correo a cada Miembro de la Colectiva un cheque de liquidación. Al cobrar, depositar o respaldar un cheque de liquidación un Miembro de la Colectiva también liberará a los Demandados de las reclamaciones por violaciones salariales y por horas bajo la Ley Federal, incluyendo salarios mínimos, horas extras no pagadas, trabajo no remunerado, daños liquidados, honorarios de abogados y costos que surgieron antes de la fecha en que el tribunal apruebe el Acuerdo.

## 8. ¿Cómo me excluyo de (excluirme) del acuerdo?

Si no desea participar en este acuerdo propuesto y desea mantener el derecho de demandar o continuar una demanda contra los Demandados, por su cuenta, sobre los asuntos legales en este caso o que podrían haber sido presentados en este caso, entonces debe tomar medidas para excluirse del acuerdo.

Si tiene la intención de excluirse a sí mismo, debe enviar por correo una declaración firmada por escrito al Administrador de Reclamaciones dentro de los 30 días posteriores a la notificación que le indique: "Quiero excluirme de la liquidación de la acción colectiva de Sirob Imports." La Declaración debe contener su nombre, dirección, número de teléfono y firma y debe enviarse por correo dentro de los treinta (30) días a partir de la fecha en que se le enviase este aviso por correo. La dirección postal del Administrador de Reclamaciones es:

Settlement Services, Inc.
PO Box 1657
Tallahassee, FL 32302
Re: Sirob Imports, Inc.

Si se excluye de la Demanda y El Acuerdo, no puede oponerse a la liquidación.

## 9. ¿Qué sucede si me excluyo?

Si se excluye a sí mismo, no se le enviará por correo un cheque de liquidación. Puede iniciar, o ser parte de una demanda diferente contra los Demandados con respecto a estas mismas reclamaciones. Sin embargo, si usted está considerando excluirse a sí mismo porque desea presentar su propia demanda, usted debe hablar con un abogado para averiguar si sus reclamos contra el empleador son oportunos.

## 10. ¿Qué sucede si no cobro el cheque de liquidación que me enviaron por correo?

Si no se excluye, se le enviará por correo un cheque de liquidación. Si no cobra el cheque del acuerdo, seguirá renunciando al derecho de demandar a los Demandados por las Reclamaciones de la Ley Laboral de Nueva York descritas en la Sección 7, y solo se quedará con el derecho de demandar a los Demandados por violaciones de las leyes federales de salarios. Si usted está considerando no firmar o respaldar un cheque porque desea presentar su propia demanda bajo la Ley Federal, debe hablar con un abogado para determinar si sus reclamos federales son oportunos.

| **11.** | **¿Tengo un abogado en este caso?** |

El abogado designado por la Corte para representar a los Miembros del Colectiva, incluido usted, es:

Steven J. Moser, Esq.
Moser Law Firm, P.C.
5 East Main Street
Huntington, NY 11743
(631) 759-4131
http://www.moseremploymentlaw.com

No se le cobrará por separado por estos abogados. Sus honorarios están siendo pagados de la liquidación. Si desea ser representado por su propio abogado, puede contratar uno a su propio costo.

| **12. ¿Cómo se pagará al Abogado del Colectiva?** |

El Abogado del Colectiva le pedirá al Tribunal que apruebe el pago de hasta 1/3 del fondo de liquidación, o $400,000.00, más los gastos de litigio y los costos a pagar del fondo de liquidación. El Abogado de la Colectiva también pedirá a la Corte que apruebe el pago de $10,000 a cada uno de los Demandantes nombrado cómo recompensa de servicio en reconocimiento de los riesgos que tomaron y su servicio a la Colectiva. Los demandados han acordado no impugnar los honorarios de los abogados y el premio de servicio.

| **13.** | **¿Puedo oponerme al Acuerdo?** |

Puede oponerse al acuerdo si no está de acuerdo con alguna parte del mismo. Si se opone, también tiene derecho a hablar en la Audiencia de Equidad. La Corte considerará sus puntos de vista. Sin embargo, si el Tribunal rechaza su objeción, usted seguirá estando obligado por los términos del acuerdo.

Para objetar, debe enviar una carta diciendo que se opone a la liquidación dentro de los 30 días calendario posteriores a la notificación que se le envió por correo, pero al menos 14 días antes de la Audiencia de Equidad. La Objeción escrita debe incluir: 1) las palabras "Me opongo a la liquidación de la acción colectiva de Sirob Imports"; (2) todas las razones de la objeción, (3) su nombre, dirección y número de teléfono, y (4) el nombre, dirección y número de teléfono de cada persona que le ayudó en la preparación de la objeción.

Envíe por correo la objeción al administrador de reclamos de liquidación a través de Correo de los Estados Unidos de Primera Colectiva, franqueo prepagado en la siguiente dirección.

Settlement Services, Inc.
PO Box 1657
Tallahassee, FL 32302
Re: Sirob Imports, Inc.

El Administrador de Reclamaciones compartirá su objeción con el Abogado de la Colectiva y el abogado de los Demandados y presentará su declaración de objeción ante la Corte.

### 14. ¿Cuál es la diferencia entre objetar y excluir?

Objetar es simplemente decirle a la Corte que no le gusta algo sobre el acuerdo. Solo puede objetar si permanece en la Colectiva. Excluirse a sí mismo del acuerdo es decirle a la Corte que usted no quiere ser parte de la Colectiva. Si se excluye a sí mismo, no tiene ninguna base para objetar porque el caso ya no le afecta.

### 15. ¿Cuándo es la Audiencia de Equidad?

La Corte llevará a cabo una Audiencia de Equidad en _____, en 100 Federal Plaza, Central Islip, New York 11722, Salon No. _____

En esta audiencia, el Tribunal considerará si los términos del acuerdo son justos, razonables y adecuados. Si hay objeciones, el Tribunal las considerará. El Juez escuchará a las personas que han pedido hablar en la audiencia. El Tribunal también puede decidir cuánto pagar a los Abogados del Colectiva. Después de la audiencia, el Tribunal decidirá si aprueba el acuerdo.

### 16. ¿Cómo obtengo más información?

Este aviso resume la liquidación propuesta. Más detalles están en el Acuerdo, que está disponible sin costo alguno por el Abogado del Colectiva. Si necesita más información sobre el acuerdo, comuníquese,

Steven J. Moser, Esq.
Moser Law Firm, P.C.
5 East Main Street
Huntington, NY 11743
(631) 759-4131
http://www.moseremploymentlaw.com
